Renée M. Dailey
AKIN GUMP STRAUSS HAUER & FELD
LLP
65 Memorial Road
Suite C340
West Hartford, CT 06107
Telephone:    (860) 263-2930
Facsimile:    (860) 263-2932

Abid Qureshi
AKIN GUMP STRAUSS HAUER & FELD
LLP
One Bryant Park
New York, NY 10036
Telephone:    (212) 872-1000
Facsimile:    (212) 872-1002

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Virgin Australia Holdings Ltd. (ACN 100 686 226)[1]., *et al.*, | Case No. 20-11024 (SHL) |
| Debtor in a Foreign Proceeding.[2] | (Joint Administration Requested) |

---

[1] An Australian Company Number ("ACN") is a unique nine-digit number issued by the Australian Securities and Investments Commission ("ASIC") to every company registered under the Commonwealth Corporations Act 2001 as an identifier.

[2] The Debtors in these cases, along with the last three digits of each Debtor's ACN number, are: Virgin Australia Holdings Ltd (226); Virgin Australia International Operations Pty Ltd (608); Virgin Australia International Holdings Pty Ltd (021); Virgin Australia International Airlines Pty Ltd (823); Virgin Australia Airlines (SE Asia) Pty Ltd (389); Virgin Australia Airlines Holdings Pty Ltd (675); VAH Newco No. 1 Pty Ltd (345); Tiger Airways Australia Pty Limited (008); Virgin Australia Airlines Pty Ltd (965); VA Borrower 2019 No. 1 Pty Ltd (059); VA Borrower 2019 No. 2 Pty Ltd (343); Virgin Tech Pty Ltd (879); Short Haul 2018 No. 1 Pty Ltd (831); Short Haul 2017 No. 1 (390); Short Haul 2017 No. 2 Pty Ltd (443); Short Haul 2017 No. 3 Pty Ltd (813); VBNC5 Pty Ltd (502); A.C.N. 098 904 262 Pty Ltd (262); Virgin Australia Regional Airlines Pty Ltd (662); Virgin Australia Holidays Pty Ltd (159); VB Ventures Pty Ltd (004); Virgin Australia Cargo Pty Ltd (838); VB Leaseco Pty Ltd (741); VA Hold Co Pty Ltd (157); VA Lease Co Pty Ltd (291); Virgin Australia 2013-1 Issuer Co Pty Ltd (326); 737 2012 No. 1 Pty. Ltd (859); 737 2012 No. 2 Pty Ltd (064); Short Haul 2016 No. 1 Pty Ltd (328); Short Haul 2016 No. 2 Pty Ltd (077); Short Haul 2014 No. 1 Pty Ltd (612); Short Haul 2014 No. 2 Pty Ltd (199); VA Regional Leaseco Pty Ltd (605); VB 800 2009 Pty Ltd (934); VB Leaseco No. 2 Pty Ltd (319); VB LH 2008 No. 1 (354); VB LH 2008 No. 2 Pty Ltd (805); VB PDP 2010-11 Pty Ltd (266); Tiger International Number 1 Pty Ltd (944).  The service address for each of the above Foreign Debtors is Deloitte Brisbane, Riverside Centre, 123 Eagle St, Brisbane QLD 4000, Australia.

**VERIFIED PETITION FOR (I) RECOGNITION OF FOREIGN
MAIN PROCEEDINGS, (II) RECOGNITION OF FOREIGN REPRESENTATIVES,
AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Vaughan Strawbridge, Richard Hughes, John Greig, and Salvatore Algeri in their capacities as joint and several administrators and foreign representatives (the "Administrators" or the "Foreign Representatives of the above-captioned foreign debtors (collectively, the "Foreign Debtors"), which are subject to voluntary administration proceedings under Australia's *Corporations Act 2001* (Cth) (the "Corporations Act"), file this verified petition pursuant to chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") seeking recognition of foreign main proceedings and related relief (the "Verified Petition").

In support of this Verified Petition, the Foreign Representatives respectfully submit the (i) *Declaration of Foreign Representative Pursuant to 11 U.S.C. § 1515 and Rule 1007(A)(4) of the Federal Rules of Bankruptcy Procedure and in Support of Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representatives, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Algeri Declaration"); and (ii) *Consolidated Statement Pursuant to Bankruptcy Rule 1007(a)(4)*, which is attached to each of the Foreign Debtors' chapter 15 petition forms, and which includes the lists required to be filed with the Chapter 15 Petitions (as defined below) pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the statements of foreign representatives of the Australian Proceedings (as defined below) required to be filed pursuant to Bankruptcy Code Bankruptcy Code § 1515 (collectively, the "Supporting Documents").   In further support hereof, the Foreign Representatives respectfully represent as follows:

2

## PRELIMINARY STATEMENT

Contemporaneously herewith, on April 29, 2020 (the "Petition Date"), the Foreign Representatives commenced the Foreign Debtors' chapter 15 cases by filing form petitions (the "Chapter 15 Petitions" and together with this Verified Petition, the "Petition") pursuant to Bankruptcy Code §§ 1504 and 1515.

By this Verified Petition, the Foreign Representatives seek recognition of the of the Foreign Debtors' voluntary administration proceedings pending currently under the Corporations Act  (together, the "Australian Proceedings") as "foreign main proceedings" as defined in Bankruptcy Code §§ 1502(4) and 1517(b)(l), through the implementation, substantially in the form attached hereto as **Exhibit A** (the "Proposed Chapter 15 Order"), of an order granting recognition of the Australian Proceedings and granting such other relief as is applicable.  As set forth in the Supporting Documents and herein:

(a) the Foreign Debtors' voluntary administration proceedings, which qualify as "foreign main proceedings" under the Bankruptcy Code, were duly commenced in Australia;

(b) the Foreign Debtors' registered offices, places of incorporation, and principal places of business are in Australia;

(c) the Foreign Debtors carry out nontransitory economic activity in Australia;

(d) the Foreign Representatives are duly authorized to serve as foreign representatives, as defined by Bankruptcy Code § 101(24), and to petition for relief under chapter 15 in connection with the administrations of the Foreign Debtors in Australia; and

(e) the Foreign Representatives are entitled to the relief requested.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).  The Foreign Debtors

3

confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by this Court in connection with the Petition to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      These chapter 15 cases have been properly commenced pursuant to Bankruptcy Code § 1504 by the filing of petitions for recognition of the Australian Proceedings under Bankruptcy Code § 1515.

3.      Venue is proper pursuant to 28 U.S.C. § 1410(1) and (3). Certain of the Foreign Debtors have either issued or guaranteed unsecured notes that are governed by New York law and that specify New York as the appropriate venue for any legal proceedings related thereto. Additionally, certain of the Foreign Debtors have property in the United States, including bank accounts, leased aircraft and related equipment.

4.      The bases for the relief requested herein are Bankruptcy Code §§ 105(a), 1504, 1507, 1510, 1515, 1517, and 1521, and rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## BACKGROUND

### A.      The Foreign Debtors

5.      Virgin Australia Holdings Ltd. (ACN 100 686 226) (Administrators Appointed) ("Holdings") is the ultimate parent of a group of affiliated companies (collectively the "Virgin Australia Group") that own and operate three domestic commercial airlines – Virgin Australia, Virgin Australia Regional Airlines and Tigerair Australia – and one international commercial airline – Virgin Australia International Airlines. As described in more detail in the Algeri Declaration, certain members of the Virgin Australia Group are not in voluntary

administration proceedings in Australia at this time and are not Foreign Debtors. *See* Algeri Declaration at ¶ 5.

6.      The Foreign Debtors are incorporated in Australia. Holdings is listed on the Australian Stock Exchange. Each Foreign Debtor's registered office is located at 56 Edmondstone Road, Bowen Hills, Brisbane, Queensland 4006, Australia. Each Foreign Debtor's principal place of business is also in Australia.[3]

7.      The Foreign Debtors commenced the Australian Proceedings following significant disruption and damage to their airline businesses resulting from the COVID-19 pandemic. *See* Algeri Declaration at ¶ 8. Since the commencement of the Australian Proceedings, the Foreign Debtors have continued operating international and domestic Australian flights in order to transport essential workers, maintain important freight corridors, and to provide transportation to Australians wishing to return home during the COVID-19 pandemic.

## B.      Virgin Australia Group's Property and Activities in the United States

8.      While the Virgin Australia Group airlines operate primarily in Australia, they also fly to the United States. Prior to the COVID-19 pandemic, Virgin Australia Group operated daily service between Los Angeles and Sydney, as well as multiple flights per week between Los Angeles and Melbourne. Under its current schedule, the Virgin Australia Group operates approximately one flight each week between Brisbane and Los Angeles, in addition to dedicated cargo-only flights. The Foreign Debtors also service aircraft and parts in the

---

[3] The principal place of business of Foreign Debtors A.C.N. 098 904 262 Pty Ltd (ACN 098 904 262), VA Regional Leaseco Pty Ltd (ACN 127 491 605), and Virgin Australia Regional Airlines Pty Ltd (008 997 662) is located at 94-96 Welshpool Road Welshpool WA 6106 . The principal place of business of Foreign Debtor Tiger Airways Australia Pty Limited (ACN 124 369 008) is located at Jetbase Gate, 26 South Centre Road, Tullamarine VIC 3043 Each of the other Foreign Debtors' principal place of business is also at 56 Edmondstone Road, Bowen Hills, Brisbane, Queensland 4006.

United States.  Currently, four of the Foreign Debtors' leased aircraft are located at Embraer Aircraft Maintenance Services at Nashville International Airport.  *See* Algeri Declaration at ¶ 9. Accordingly, the Foreign Debtors' aircraft and related equipment are routinely present in the United States.  The Foreign Debtors maintain bank accounts in the United States with JPMorgan Chase Bank, N.A. and U.S. Bank N.A. *See* Algeri Declaration at ¶ 10.

9.    Based on their preliminary investigations into the Virgin Australia Group's affairs, the Administrators understand that the Foreign Debtors have 8 employees located in the United States, out of approximately 10,000 employees in total.  The Administrators also understand that the Debtors have trade vendors and trade creditors located in the United States in connection with the Virgin Australia Group's U.S. operations.  However, the Administrators are still reviewing the Company's records, and may need to provide updated information to the extent it becomes available.

10.    As described in more detail below, certain of the Foreign Debtors issued and/or guaranteed debt under New York law-governed documents that identify New York courts as the agreed venue for disputes arising thereunder.  *See* Algeri Declaration at ¶ 14.

11.    The Foreign Debtors have no principal place of business in the United States. The management and business decisions relating the Foreign Debtors are made by the Virgin Australia Group's management, now under the direction of the Administrators, at the Virgin Australia Group's corporate headquarters in Brisbane, Australia.[4]

### C.    The Virgin Australia Group's Capital Structure

12.    The Virgin Australia Group financed its operations through the incurrence of both secured and unsecured obligations.  Based on the Administrators' initial review of the Virgin

---

[4] Under current public health guidelines, many Virgin Australia Group employees are currently working from home in Australia rather than at headquarters.

Australia Group's books and records, the most significant of its funded debt includes (a) approximately AUD 2,283,639,303 outstanding under secured corporate debt and aircraft financing facilities, (b) approximately AUD 1,988,250,000 outstanding unsecured notes (the "Unsecured Notes").

13.     The Unsecured Notes include (a) USD 350,000,000 7.875% unsecured senior notes due 2021 issued pursuant to that certain Indenture dated October 17, 2016 by and among Holdings as issuer and Bank of New York Mellon as agent; and (b) USD 425,000,000 8.125% unsecured senior notes due 2024 issued pursuant to that certain Indenture dated November 7, 2019 by and among Holdings as issuer and Bank of New York Mellon as agent (such notes, collectively, the "New York Law Notes" and such indentures, collectively, the "New York Law Indentures").  The New York Law Notes and New York Indentures are governed by New York law, and specify New York as the appropriate venue for any legal proceedings related thereto.  *See* New York Indentures at §§ 11.06 and 11.07.

### D.     Overview of Australian Insolvency Proceedings

14.     As explained in further detail in the Algeri Declaration, Australian law has evolved from English law, and is very similar to English common law and rules of equity.  In Australia, the formation, operation and dissolution of companies is primarily regulated by the Corporations Act.  In general, the Corporations Act applies to companies that are either registered or registrable.  Locally formed companies, such as the Foreign Debtors, are registered on incorporation.  The Corporations Act provides for five principal formal insolvency procedures, including, *inter alia,* voluntary administration. *See* Algeri Declaration ¶ 15.

15.     The administration process commences with the appointment of one or more voluntary administrators, who act as the company's agent with the full powers of its board

and officers.  The powers of the company officers and directors are suspended and, subject to the overriding rights of a receiver, only the administrator may deal with the company's property during the administration.  *See* Algeri Declaration ¶ 16.  Additionally, any attempt to exercise control over the company's property by a party other than the administrator or a receiver is void (unless the administrator consented to it or it was pursuant to a court order).  *See Id.*

16.    Section 435A of the Corporations Act provides that, after appointment, the primary goals of the administrators are to protect the company's business, property, assets and affairs so that they may be administered in a way that: (i) maximize the chances of the company, or as much as possible of its business, continuing in existence; or (ii) if it is not possible for the company or its business to continue in existence, results in a better  return for the company's creditors and members than would result from an immediate winding up of the company.  *See* Algeri Declaration ¶ 17.  Once appointed, the duties of the administrators include the following:

(a)    to begin to investigate the company's business, property, affairs and financial circumstances as soon as is practicable after the administration begins;

(b)    to form an opinion about: (i) whether an arrangement with the company's creditors will be in the creditors' best interests; (ii) whether it would be in the creditors' interests for the administration to end; (iii) and whether it would be in the creditors' interests for the company to be wound up; and

(c)    to convene a meeting of the company's creditors to "decide the company's future." These actions are designed to best facilitate the administrators' main priorities, which are to secure the company's assets and ultimately achieve a *pari passu* distribution of assets.

17.    The Australian Court has general supervisory jurisdiction over the voluntary administrations and there is substantial judicial oversight which can be invoked by interested persons.  In relation to a voluntary administration, the Australian Court has the authority to: (a) make such order (or orders) as it thinks appropriate about how the laws governing voluntary administration are to operate in relation to a particular company; (b) upon application by the

8

administrator, to provide directions about the exercise of any of the administrator's functions and powers; and (c) invoke Corporations Act section 447E, which provides the Australian Court with a supervisory role in relation to the administrator's conduct. *See* Algeri Declaration ¶ 19.

### E.    The Australian Voluntary Administration

18.    The boards of directors of the Foreign Debtors each took two distinct corporate actions to appoint the Administrators and commence the voluntary administration proceedings.    First, the board of directors for each Foreign Debtor adopted resolutions concluding that (i) the applicable Foreign Debtor was or was likely to become insolvent and (ii) that applicable Foreign Debtor should appoint administrators.    Second, the board of directors for each of the Foreign Debtors appointed the Administrators in accordance with the applicable resolutions (collectively, the "Instruments of Appointment").    The Administrators subsequently made filings with ASIC announcing their appointment. *See* Algeri Declaration ¶ 20.

19.    The Administrators were appointed over Holdings and 37 of the Foreign Debtors on April 20, 2020, commencing the voluntary administrations with respect to all but one of the Foreign Debtors.    The Administrators were later appointed over the remaining Foreign Debtor, Tiger International Number 1 Pty Ltd (ACN 606 131 944), on April 28, 2020. The commencement of the voluntary administrations resulted in an automatic moratorium on the rights of creditors of the Foreign Debtors to, *inter alia,* commence or continue suits against these companies and their respective properties.    Copies of the Instruments of Appointment and ASIC reports evidencing the Administrators' appointment, and commencement of the Australian Proceedings, are attached to the Chapter 15 Petitions. *See* Algeri Declaration ¶¶ 21-22.

F.      **Status of the Administration**

20.      The Australian administration process requires the occurrence of two separate meetings of creditors.  The purpose of the first meeting is for creditors to determine whether an advisory committee, which is referred to under the Corporations Act as a "committee of inspection" is required (and if so, to elect creditors to serve on the committee) and whether to remove the administrators and to appoint alternate administrators.  *See* Algeri Declaration ¶ 23.

21.      In light of logistical challenges resulting from the ongoing COVID-19 pandemic, the Administrators filed an Originating Process on April 23, 2020 seeking permission from the Federal Court of Australia (the "Australian Court") to (a) provide electronic notice of meetings to creditors, (b) hold virtual- instead of in-person meetings of creditors, and (c) to form a committee of inspection composed of creditors selected by the Administrators.  The Australian Court approved those requests by Order dated April 24, 2020. Copies of the Originating Process and Order are attached to the Chapter 15 Petitions.  *See* Algeri Declaration ¶ 24.

22.      At the second meeting, administrators report on the company's affairs and present their recommendations.  Creditors can vote for one of the following outcomes during the second meeting:

(a)      that the company under administration execute a Deed of Company Arrangement;

(b)      that the administration end with control of the company reverting back to the companies' directors; or

(c)      that the company be wound up (and ultimately liquidated).

23.      The first meeting of creditors is scheduled to take place on Thursday April 30, 2020 at 11:00 a.m. Australian Eastern Standard Time.  The second meeting is required, under

10

the Corporations Act, to be held within twenty-five days of the Administrators' appointment; however, the Administrators have informed creditors they intend to file an application with the Australian Court seeking an extension of time to convene the second meeting of creditors. Such an extension would be common in a case of this size. At this early stage in the administration, the Administrators are working to stabilize operations, investigate the Virgin Australia Group's financial situation, and evaluate potential paths forward. *See* Algeri Declaration ¶ ¶ 25-26.

## STATUTORY BASIS FOR RELIEF REQUESTED

24.     Chapter 15 was specifically designed to assist a foreign representative, such as the Foreign Representatives, in the performance of their duties. One of chapter 15's express objectives is the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor." 11 U.S.C. § 1501(a)(3). Here, granting recognition to the Australian Proceedings is necessary to ensure an orderly administration of the Foreign Debtors' financial affairs by the Foreign Representatives and to maximize the value to be distributed to all creditors and parties in interest. Without recognition and extension of the Australian moratorium, there is nothing to prevent creditors in the United States from commencing enforcement actions against the Foreign Debtors or their assets. This would undermine the administration process in Australia. It would be unfair and contrary to the policies underlying chapter 15 for any creditors in the United States to unilaterally pursue remedies in the United States that advantage them over similarly situated creditors in Australia that are complying with the stay and procedures in Australia. Because the Foreign Debtors' airlines continue to provide essential transportation services during the COVID-19 pandemic, including repatriation flights from the United States to Australia as directed by the Australian government, it is particularly important – not only to the Foreign

Debtors but also as a matter of public health – to avoid disruption resulting from enforcement action taken by creditors in the United States.

25.     The Petition satisfies all of the requirements set forth in Bankruptcy Code § 1515.  Moreover, the relief requested by the Foreign Representatives is well within the scope of chapter 15 of the Bankruptcy Code, which authorizes this Court to: (i) recognize a "foreign proceeding" upon the proper commencement of a case under chapter 15 by a "foreign representative;" and (ii) grant assistance in the United States to such foreign representative in connection with the foreign proceeding.  Further, the relief requested herein is necessary and appropriate under chapter 15 of the Bankruptcy Code and is consistent with the goals of international cooperation and assistance to foreign courts, embodied in chapter 15 of the Bankruptcy Code.

## I.     The Foreign Debtors Are Eligible for Chapter 15 Relief.

26.     Bankruptcy Code § 109(a) provides that "only a person that resides or has a domicile, a place of business, or property in the United States . . . may be a debtor under this title." Courts in this district have applied Bankruptcy Code § 109(a) to chapter 15 eligibility.  *See, e.g., Drawbridge Special Opportunities Fund LP v. Barnett (In re Barnett)*, 737 F.3d 238, 247 (2d Cir. 2013).  Decisions interpreting Bankruptcy Code § 109(a) as applied to foreign debtors under other chapters unanimously hold that a debtor satisfies the Bankruptcy Code § 109 requirement even when it only has a nominal amount of property in the United States.  *See GMAM Inv. Funds Tr. I v. Globo Comunicacoes e Partipacoes S.A. (In re Globo Comunicacoes e Partipacoes S.A.)*, 317 B.R. 235, 249 (S.D.N.Y. 2004) (stating that courts have repeatedly found that there is "virtually no formal barrier" to having federal courts adjudicate foreign debtors' bankruptcy proceedings) (citing *In re Aerovias Nacionales de Colombia S.A. (In re Avianca)*, 303 B.R. 1, 9 (Bankr.

S.D.N.Y. 2003) (citation omitted)).  Effectively, if a debtor has any property in the United States,

Bankruptcy Code § 109(a) is satisfied.

A.    **The Indentures for the Unsecured Notes Independently Satisfy Bankruptcy Code § 109(a).**

27.    Courts in this district have held that debt that is subject to a New York governing

law provision and a New York forum selection provision constitutes property.  Contracts create

intangible property rights.  *In re Berau Capital Res. Pte Ltd,* 540 B.R. 80, 83 (Bankr. S.D.N.Y.

2015) ("Contracts create property rights for the parties to the contract. A debtor's contract rights

are intangible property of the debtor.") (citing *U.S. Bank Tr. N.A. v. Am. Airlines, Inc., (In re AMR*

*Corp.*, 485 B.R. 279, 295 (Bankr. S.D.N.Y. 2013), *aff'd.,* 730 F.3d 88 (2d Cir. 2012)).  The situs

of such intangible property rights is the location of the governing law.  *See In re Berau Capital,*

540 B.R. at 84.  Thus, any "debt subject to a New York governing law clause and a New York

forum selection clause constitutes property in the United States."  *In re Ocean Rig UDW Inc.*, 570

B.R. 687, 699 (Bankr. S.D.N.Y. 2017) (citing *In re U.S. Steel Canada Inc.*, 571 B.R. 600, 609-11

(Bankr. S.D.N.Y. 2017)), *appeal dismissed*, 585 B.R. 31 (S.D.N.Y. 2018); *see also In re Avanti*

*Commc'ns. Grp. Plc*, 582 B.R. 603, 613 (Bankr. S.D.N.Y. 2018) (noting that bonds with an

indenture governed by New York law satisfied the requirements under Bankruptcy Code § 109(a));

*In re Cell C Proprietary Ltd.*, 571 B.R. 542, 552 (Bankr. S.D.N.Y. 2017) (holding that the "Euro

Notes which are governed by New York law and contain a New York forum selection clause"

provided a sufficient basis for jurisdiction); *In re Inversora Eléctrica de Buenos Aires S.A.*, 560

B.R. 650, 655 (Bankr. S.D.N.Y. 2016) ("[D]ollar-denominated debt subject to New York

governing law and a New York forum selection clause is independently sufficient to form the basis

for jurisdiction.") (citation omitted); *In re Berau Capital*, 540 B.R. at 84 ("The Court concludes

that the presence of the New York choice of law and forum selection clauses in the [indenture] satisfies the [Bankruptcy Code] § 109(a) 'property in the United States' eligibility requirement.").

28.    Certain of the Foreign Debtors have issued or guaranteed the New York Law Notes. The New York Law Notes and New York Law Indentures are governed by New York law and contain a New York forum selection clause.[5] Thus, the Foreign Debtors are eligible to be debtors under Bankruptcy Code § 109(a).

### B.    The Foreign Debtors' Bank Accounts, Aircraft and Equipment Independently Satisfy Bankruptcy Code § 109(a).

29.    In addition to being eligible to be a debtor under Bankruptcy Code § 109(a) because of the Unsecured Notes, the Debtors are eligible because the Virgin Australia Group has property in the United States in the form of bank accounts, aircraft and equipment.  The Foreign Debtors' bank accounts are described in paragraphs 8-11 above.  As of the date hereof, four of the Foreign Debtors' leased aircraft are located at Embraer Aircraft Maintenance Services at Nashville International Airport.  The Foreign Debtors' aircraft and related equipment are also routinely present in Los Angeles.  *See* Algeri Declaration ¶ 9.  *See In re Inversora Eléctrica de Buenos Aires S.A.*, 560 B.R. at 655 (finding that a bank account alone was sufficient to meet the requirement under Bankruptcy Code § 109); *In re Suntech Power Holdings Co.*, 520 B.R. 399, 413 (Bankr. S.D.N.Y. 2014) ("[The bank account] satisfied the express requirements for eligibility under § 109(a) to permit the [debtors] to file the Chapter 15."); *In re McTague*, 198 B.R. 428, 431–32 (Bankr. W.D.N.Y. 1996) (finding that $194 in a bank account was alone sufficient to meet the requirement of Bankruptcy Code § 109(a)).  Accordingly, the Foreign Debtors' bank accounts,

---

[5] Certain of the Foreign Debtors also issued or guaranteed unsecured notes that are governed by Australian law.

aircraft, and equipment provide a second independent basis for jurisdiction by satisfying the requirements under Bankruptcy Code § 109(a).

## II.  The Australian Proceedings Should Be Recognized as Foreign Main Proceedings.

30.     Bankruptcy Code § 1517(a) provides that, after notice and hearing, a court shall enter an order recognizing a foreign proceeding as a foreign main proceeding if (1) such foreign proceeding is a foreign main proceeding within the meaning of Bankruptcy Code § 1502, (2) the foreign representative applying for recognition is a person or body, and (3) the petition meets the requirements of Bankruptcy Code § 1515. See 11 U.S.C. § 1517.   As explained below, the Australian Proceedings, the Foreign Representatives, and the Petition satisfies all of the foregoing requirements.

### A.  The Australian Proceedings Are Foreign Proceedings.

31.     Bankruptcy Code § 101(23) defines a "foreign proceeding" as:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23)

32.     Courts have held that a "foreign proceeding" is:

(a)     a proceeding;

(b)     that has either a judicial or an administrative character;

(c)     that is collective in nature, in the sense that the proceeding considers the rights and obligations of all creditors;

(d)     that is located in a foreign country;

(e)     that is authorized or conducted under a law related to insolvency or the adjustment of debt, even if the debtor that has commenced such proceedings is not actually insolvent;

15

(f)    in which the debtor's assets and affairs are subject to the control or supervision of a foreign court or other authority competent to control or supervise a foreign proceeding; and

(g)    which proceeding is for the purpose of reorganization or liquidation.

*See Armada (Singapore) Pte Ltd. v. Shah (In re Ashapura Minechem Ltd.)*, 480 B.R. 129, 136 (S.D.N.Y. 2012) (citing *In re Betcorp Ltd.*, 400 B.R. 266, 277 (Bankr. D. Nev. 2009)); *see also In re ABC Learning Ctrs. Ltd.*, 728 F.3d 301, 308 (3d Cir. 2013); *In re Oversight & Control Comm'n of Avánzit, S.A.*, 385 B.R. 525, 533 (Bankr. S.D.N.Y. 2008) (discussing factors).  As set forth in the Algeri Declaration, the Australian Proceedings satisfy such requirements and, therefore, qualify as "foreign proceedings" for purposes of Bankruptcy Code § 101(23).

33.    *First*, the Australian Proceedings are proceedings commenced pursuant to the Corporations Act, an Australian law that governs corporate reorganizations and provides for a restructuring of a company's financial obligations.  For purposes of chapter 15 recognition, "the hallmark of a 'proceeding' is a statutory framework that constrains a company's actions and that regulates the final distribution of a company's assets."  *In re Betcorp*, 400 B.R. at 278.  Because the Australian Proceedings operate under such statutory framework, they satisfy the first factor of Bankruptcy Code § 101(23).

34.    *Second*, the Australian Proceedings are judicial or administrative in character. Proceedings are administrative in nature if they make provision for submitting proofs of debt and ultimate payment of creditors outside of a judicial context.  *See Id*. at 280.  Here, the proceedings were commenced voluntarily through the Board Resolutions, rather than by judicial order, and, through the statutory framework of the Corporations Act, make provision for submitting proofs of debt and payment of creditors.  Further, the proceedings have a judicial aspect as they are, at all times, subject to the supervisory jurisdiction of the Australian Court.  *In re ABC Learning Ctrs. Ltd.*, 445 B.R. 318, 328 (Bankr. D. Del. 2010),*aff'd,* 728 F3d 301 (3d Cir. 2013)  (holding that a

reorganization proceeding is judicial in character whenever a "court exercises its supervisory powers").

35.    *Third*, the voluntary administration is a collective proceeding.  A proceeding is "collective" if it "considers the rights and obligations of all creditors." *In re Betcorp*, 400 B.R. at 281; *see also In re Poymanov*, 571 B.R. 24, 32-3 (Bankr. S.D.N.Y. 2017).  As discussed in the Algeri Declaration, under the voluntary administration, the Petitioners are responsible for: (i) recovering and realizing the assets of the debtors in an orderly fashion; (ii) maximizing the chances of debtors, or as much of their businesses as possible, continuing in existence, and (iii) if it is not possible for debtors or their businesses to continue in existence, obtaining a better return for debtors' creditors and members than would result from an immediate winding up of debtors.  The Australian Proceedings are therefore collective in nature because they consider the rights and obligations of all creditors by protecting the interests of all of the Foreign Debtors' creditors and helping to ensure an orderly restructuring or liquidation of the Foreign Debtors for the benefit of all of the Foreign Debtors' creditors.

36.    *Fourth*, the Australian Proceedings are conducted in a foreign country, namely Australia, and the Australian Court with conduct of the case is located in the Federal Court of Australia, New South Wales District in Australia.  Likewise, the Administrators themselves are located in Australia and conduct the Australian Proceedings under the auspices of Australian law.

37.    *Fifth*, the Australian Proceedings were initiated under a law relating to insolvency or adjustment of debt.  The Australian Proceedings were commenced under the Corporations Act, the primary Australian insolvency law.  *See* Algeri Declaration at ¶ 15.  Other courts have held that the Corporations Act constitutes a law relating to insolvency or the adjustment of debt. *See, e.g., In re Betcorp*, 400 B.R. at 282-83 (holding that a corporation engaged in a voluntary winding

up under the Corporations Act is being administered under a law relating to insolvency.  Notably, Australia's Parliament has declared that the Corporations Act qualifies for recognition under the UNCITRAL Model Law on Cross-Border Insolvency (upon which Chapter 15 is based).

38.     *Sixth*, the Australian Proceedings subject the Foreign Debtors' assets and affairs to the supervision of the Australian Court for the duration of the proceedings.  The Australian Proceedings subject the Foreign Debtors' assets and affairs to the Australian court's supervision. *See* Algeri Declaration at ¶¶ 18-19.

39.     *Seventh*, the Australian Proceedings are for the purpose of reorganization or liquidation.  A voluntary administration is a statutory process whereby a company is afforded the opportunity to reorganize its debts or be wound up, as necessary.  *See* Algeri Declaration at ¶¶ 17-18.  The purpose of a voluntary administration under Australian law is to reorganize a company's finances such that it may continue to do business; or, failing that, to provide for better distributions to the company's creditors than would result from an immediate winding up of the company.  *See Id*.  As such, the Australian Proceedings are for the purpose of reorganization or liquidation.

40.     The Foreign Representatives submit that the Australian Proceedings satisfy all of the criteria required under Bankruptcy Code § 101(23) and that the Australian Proceedings are foreign proceedings entitled to recognition under chapter 15.

**B.     The Australian Proceedings Are Foreign Main Proceedings.**

41.     The Australian Proceedings should be recognized as "foreign main proceedings" as defined in Bankruptcy Code § 1502(4).  A foreign proceeding must be recognized as a "foreign main proceeding" if it is pending in the country where the debtor has its center of its main interests. 11 U.S.C. § 1517(b).  The term "center of main interests" (or "COMI") is not defined in the Bankruptcy Code. COMI, however, has been equated to a debtor's principal place of business.  *See*

18

*In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. 122, 129 (Bankr. S.D.N.Y. 2007), *aff'd*, 389 B.R. 325 (S.D.N.Y. 2008).   Courts have identified certain factors that are relevant in determining a debtor's COMI, including: (a) the location of the debtor's headquarters; (b) the location of those persons or entities that actually manage the debtor (which, in certain instances, could be the headquarters of a holding company); (c) the location of the debtor's primary assets; and (d) the location of the majority of the debtor's creditors or of a majority of the creditors who would be affected by the case. *See In re SPhinX, Ltd.*, 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006), *aff'd sub nom., Krys v. Official Comm. of Unsecured Creditors of Refco, Inc.* 371 B.R. 10 (S.D.N.Y. 2007).   In the absence of evidence to the contrary, a debtor's registered office is presumed to be the debtor's COMI. *See* 11 U.S.C. § 1516(c).

42.    Here, under all the relevant criteria, Australia is the Foreign Debtors' COMI.  As set forth in the Algeri Declaration:

a.    the Foreign Debtors' registered office and corporate headquarters are located in Australia;

b.    the Foreign Debtors are primarily controlled by, and decision-making is made from, their principal place of business in Australia;

c.    the majority of the Foreign Debtors' employees reside in Australia

d.    the majority of the Foreign Debtors' assets are located in Australia, including the vast majority of its fleet and equipment; and

e.    a significant proportion of the Debtors' administrative functions, including accounting, financial reporting, budgeting, and cash management, are conducted in Australia.

43.    Based on these factors, the Foreign Debtors' COMI is Australia and, as such, the Australian Proceedings should be recognized as foreign main proceedings.

C.    **The Chapter 15 Cases Have Been Commenced by a Duly Authorized Foreign Representative.**

44.    Bankruptcy Code § 1517 provides that a "foreign representative" shall apply for recognition of the foreign proceeding. Bankruptcy Code § 101(24) defines "foreign representative":

> The term "foreign representative" means a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. § 101(24).

45.    The Administrators, having been duly appointed by the Board Resolutions, and empowered by the Corporations Act with control over the Foreign Debtors' business, property, assets and affairs have met and designated the Foreign Representatives for purposes of these chapter 15 cases.  Bankruptcy courts have held that a governing body of an entity may authorize a person to act as that entity's foreign representative in a chapter 15 proceeding.  *See In re Cell C Proprietary Ltd.*, 571 B.R. at 553 (recognizing that "section 101(24) does not require that a foreign representative be judicially appointed" and "that a board of directors may authorize a person to act as the corporation's foreign representative in a  Chapter 15 proceeding");  *see also Ad Hoc Grp. of Vitro Noteholders v. Vitro S.A.B. de C.V. (In re Vitro, S.A.B. de C.V.),* 470 B.R. 408, 412 (N.D. Tex. 2012)*, aff'd,* 701 F.3d 1031, 1047 (5th Cir. 2012) (recognizing that the board of directors of a corporation could authorize a person to act as the corporation's foreign representative in a chapter 15 proceeding);  *In re OAS S.A.*, 533 B.R. 83, 98 (Bankr. S.D.N.Y. 2015) (holding that individual appointed by board qualified as a "foreign representative"); *In re Compania Mexicana de Aviacion, S.A. de C.V.*, No. 10-14182 (MG), 2010 WL 10063842 at *2 (Bankr. S.D.N.Y. Nov. 8, 2010) (same).  Moreover, each of the Foreign Representatives is a "person" under Bankruptcy

Code § 101(41).    The Foreign Representatives thus submit that they each have met the requirements of Bankruptcy Code § 101(24) and are the Foreign Debtors' "foreign representative" as defined therein.

**D.    The Petition Satisfies the Requirements of Bankruptcy Code § 1515.**

46.    Pursuant to Bankruptcy Code § 1515(b), a petition for recognition must be accompanied by one of the following:

> (1) a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative;
>
> (2) a certificate from the foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative; or
>
> (3) in the absence of evidence referred to in paragraphs (1) and (2), any other evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the foreign representative.

11 U.S.C. § 1515(b).

47.    In satisfaction of Bankruptcy Code § 1515(b)(3), attached hereto as **Exhibit B** and **Exhibit C**, and incorporated herein by reference, are certified copies of the Administrators' Originating Process dated April 23, 2020 and the Australian Court's Order dated April 24, 2020. In addition, the Instruments of Appointment and ASIC notices evidencing appointment of the Administrators are attached to the Chapter 15 Petitions.    Together, these documents evidence existence of the Australian Proceedings and appointment of the Administrators as foreign representatives.[6]    Therefore, the Chapter 15 Petition meets the requirements of Bankruptcy Code § 1515 in satisfaction of the third requirement under Bankruptcy Code § 1517(a).

---

[6] The Debtors reserve the right to supplement these materials in advance of or at the final hearing on the Petition.  In particular, the ASIC notice evidencing the Administrators' appointment over Tiger International Number 1 Pty Ltd (ACN 606 131 944) may not be available until shortly after the Petition Date.

48.     Because the Petition satisfies Bankruptcy Code § 1517, the Court should recognize the Australian Proceedings in these chapter 15 cases.  Moreover, granting recognition will promote the United States public policy of respecting foreign proceedings as articulated in, *inter alia*, Bankruptcy Code §§ 1501(a) and 1508 and further cooperation between courts to the maximum extent possible as mandated by Bankruptcy Code § 1525(a).  Thus, these circumstances satisfy the conditions for mandatory recognition of the Australian Proceedings under Bankruptcy Code § 1517.

**III.     Recognition of the Australian Proceedings Is Not Contrary to U.S. Public Policy.**

49.     A court may deny a request for any chapter 15 relief that would be "manifestly contrary to the public policy of the United States."  11 U.S.C. § 1506.  Courts that have addressed the "public policy exception" in Bankruptcy Code § 1506 have noted that the exception is narrow, its application restricted to the most fundamental policies of the U.S., and a foreign judgment should generally be accorded comity if the foreign jurisdiction's proceedings meet fundamental standards of fairness.  *Collins v. Oilsands Quest Inc.*, 484 B.R. 593, 597 (Bankr. S.D.N.Y. 2012); *see also In re Metcalfe & Mansfield Alternative Invs.*, 421 B.R. 685, 697 (Bankr. S.D.N.Y. 2010 (holding that a U.S. bankruptcy court is not required to make an independent determination about the propriety of the acts of a foreign court, but only whether their procedures meet U.S. standards of fundamental fairness).  Further, the relief granted in a foreign proceeding and the relief available in a U.S. proceeding need not be identical.  Courts have even gone so far as to hold that even the absence of a jury trial right—a right embodied in the U.S. Constitution—in a foreign proceeding would not justify the court's refusal to recognize the foreign proceeding pursuant to the public policy exception.  *See In re RSM Richter Inc. v Aguilar (In re Ephedra Prods. Liab. Litig.)*, 349 B.R. 333, 335–36 (Bankr. S.D.N.Y. 2006).

22

50.     Here, recognition of the Australian Proceedings and any orders issued by the Australian Court during the pendency of the Australian Proceedings would not be contrary to public policy so as to justify refusal to recognize the Australian Proceedings and enforce the Australian Court's order.

## RELIEF REQUESTED

51.     The Foreign Representatives respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) granting the Petition and recognizing the Australian Proceedings as "foreign main proceedings" pursuant to Bankruptcy Code § 1517, (b) recognizing the Foreign Representatives as "foreign representatives" of the Foreign Debtors as defined in Bankruptcy Code § 101(24), (c) finding that the Petition meets the requirements of Bankruptcy Code § 1515, (d) granting all relief afforded a foreign main proceeding automatically upon recognition pursuant to Bankruptcy Code § 1520, (e) providing that no action taken by the Foreign Representatives in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the Australian Proceedings, any order entered in respect of the Petition, these chapter 15 cases, any further order for additional relief in these chapter 15 cases, or any adversary proceedings or contested matters in connection therewith, will be deemed to constitute a waiver of any immunity afforded to the Foreign Representatives, including, without limitation, pursuant to Bankruptcy Code § 1510 , and (g) granting such other relief as the Court deems just and proper.

## SATISFACTION OF LOCAL RULE 9013-1(A)

52.     The Petition includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to the Petition. Accordingly, the Foreign Debtors submit that the Petition satisfies Local Rule 9013-1(a).

## NOTICE

53.     The Foreign Representatives have provided notice of this motion via email and/or first class mail to: (a) the Office of the United States Trustee; (b) the United States Attorney for the Southern District of New York; (c) the trustee under the indenture to the 7.875% Unsecured Senior Notes due 2021, The Bank of New York Mellon, 1010 Barclay Street, 21st Floor, New York, NY 10286, Attn:  Global Corporate Trust—Virgin Australia Holdings Limited; (d) the trustee under the indenture to the 8.125% Senior Notes due 2024, The Bank of New York Mellon, 1010 Barclay Street, 21st Floor, New York, NY 10286, Attn:  Global Corporate Trust—Virgin Australia Holdings Limited; (e) Cogency Global, Inc., 10 E. 40th Street, 10th Floor, New York, NY 10016 as the authorized process agent under the indentures; and (f) all known trade vendors located in the United States; (g) all employees located in the United States; and (h)  such other parties in interest that have requested notice pursuant to Bankruptcy Rule 2002.   The Foreign Representatives also intend to post this motion to a website that it maintains for creditors of the Virgin Australia Group at www.deloitte.com/au/virgin-chapter-15.  In light of the relief requested, the Foreign Representatives submit that no further notice is necessary.

## NO PRIOR REQUEST

54.     No prior request for the relief sought in this Petition has been made to this or any other court.

WHEREFORE, the Foreign Representatives respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.


New York, New York                  */s/ Abid Qureshi*
Dated:  April 29, 2020               **AKIN GUMP STRAUSS HAUER & FELD LLP**
                                     Abid Qureshi
                                     One Bryant Park
                                     New York, NY 10036
                                     Telephone: (212) 872-1000
                                     Facsimile:  (212) 872-1002
                                     aqureshi@akingump.com

                                     - and -

                                     Renée M. Dailey
                                     65 Memorial Road
                                     Suite C340
                                     West Hartford, CT 06107
                                     Telephone: (860) 263-2930
                                     Facsimile:  (860) 263-2932
                                     renee.dailey@akingump.com


                                     *Counsel to the Foreign Representatives*

## **VERIFICATION OF PETITION**

I, Vaughan Strawbridge, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America as follows:

I am the authorized foreign representative for the Foreign Debtors. As such, I have full authority to verify the foregoing Petition on behalf of the Foreign Debtors.

I have read the foregoing Petition, and I am informed and believe that the factual allegations contained therein are true and accurate to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: <u>April 29, 2020</u>            /s/ *Vaughan Strawbridge*
                                  By: Vaughan Strawbridge
                                  in his capacity as Joint and Several
                                  Administrator

## <u>VERIFICATION OF PETITION</u>

I, Richard Hughes, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America as follows:

I am the authorized foreign representative for the Foreign Debtors. As such, I have full authority to verify the foregoing Petition on behalf of the Foreign Debtors.

I have read the foregoing Petition, and I am informed and believe that the factual allegations contained therein are true and accurate to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: <u>April 29, 2020</u>                    /s/ *Richard Hughes*
                                               By: Richard Hughes
                                               in his capacity as Joint and Several
                                               Administrator

## **VERIFICATION OF PETITION**

I, John Greig, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America as follows:

I am the authorized foreign representative for the Foreign Debtors. As such, I have full authority to verify the foregoing Petition on behalf of the Foreign Debtors.

I have read the foregoing Petition, and I am informed and believe that the factual allegations contained therein are true and accurate to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: April 29, 2020                    /s/ *John Greig*
                                         By: John Greig
                                         in his capacity as Joint and Several
                                         Administrator

## <u>VERIFICATION OF PETITION</u>

I, Salvatore Algeri, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America as follows:

I am the authorized foreign representative for the Foreign Debtors. As such, I have full authority to verify the foregoing Petition on behalf of the Foreign Debtors.

I have read the foregoing Petition, and I am informed and believe that the factual allegations contained therein are true and accurate to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: <u>April 29, 2020</u>                    /s/ *Salvatore Algeri*

                                                      By: Salvatore Algeri
                                                      in his capacity as Joint and Several
                                                      Administrator

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 15 |
| | ) |
| Virgin Australia Holdings Ltd. | ) Case No. 20-11024 (SHL) |
| (ACN 100 686 226)[1]., *et al.*, | ) |
| | ) |
| Debtor in a Foreign Proceeding,[2] | ) |

**ORDER GRANTING PETITION FOR (I) RECOGNITION OF FOREIGN**
**MAIN PROCEEDINGS, (II) RECOGNITION AS FOREIGN REPRESENTATIVE,**
**AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Upon consideration of the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representatives, and (III) Related Relief under Chapter 15 of the Bankruptcy Code* (together with the form petitions filed concurrently therewith, the "Petition"),[3] filed by the Foreign Representatives as the "foreign representatives" of the above-captioned foreign debtors (collectively, the "Foreign Debtors"); and upon the hearing on the Petition and this Court's review and consideration of the Petition, and the Algeri Declaration, IT IS HEREBY FOUND AND DETERMINED THAT:[4]

---

[1] An Australian Company Number ("ACN") is a unique nine-digit number issued by the Australian Securities and Investments Commission ("ASIC") to every company registered under the Commonwealth Corporations Act 2001 as an identifier.

[2] The Debtors in these cases, along with the last three digits of each Debtor's ACN number, are: Virgin Australia Holdings Ltd (226); Virgin Australia International Operations Pty Ltd (608); Virgin Australia International Holdings Pty Ltd (021); Virgin Australia International Airlines Pty Ltd (823); Virgin Australia Airlines (SE Asia) Pty Ltd (389); Virgin Australia Airlines Holdings Pty Ltd (675); VAH Newco No. 1 Pty Ltd (345); Tiger Airways Australia Pty Limited (008); Virgin Australia Airlines Pty Ltd (965); VA Borrower 2019 No. 1 Pty Ltd (059); VA Borrower 2019 No. 2 Pty Ltd (343); Virgin Tech Pty Ltd (879); Short Haul 2018 No. 1 Pty Ltd (831); Short Haul 2017 No. 1 (390); Short Haul 2017 No. 2 Pty Ltd (443); Short Haul 2017 No. 3 Pty Ltd (813); VBNC5 Pty Ltd (502); A.C.N. 098 904 262 Pty Ltd (262); Virgin Australia Regional Airlines Pty Ltd (662); Virgin Australia Holidays Pty Ltd (159); VB Ventures Pty Ltd (004); Virgin Australia Cargo Pty Ltd (838); VB Leaseco Pty Ltd (741); VA Hold Co Pty Ltd (157); VA Lease Co Pty Ltd (291); Virgin Australia 2013-1 Issuer Co Pty Ltd (326); 737 2012 No. 1 Pty. Ltd (859); 737 2012 No. 2 Pty Ltd (064); Short Haul 2016 No. 1 Pty Ltd (328); Short Haul 2016 No. 2 Pty Ltd (077); Short Haul 2014 No. 1 Pty Ltd (612); Short Haul 2014 No. 2 Pty Ltd (199); VA Regional Leaseco Pty Ltd (605); VB 800 2009 Pty Ltd (934); VB Leaseco No. 2 Pty Ltd (319); VB LH 2008 No. 1 (354); VB LH 2008 No. 2 Pty Ltd (805); VB PDP 2010-11 Pty Ltd (266); Tiger International Number 1 Pty Ltd (944).  The service address for each of the above Debtors is Deloitte Brisbane, Riverside Centre, 123 Eagle St, Brisbane QLD 4000, Australia.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Petition.

[4] The findings and conclusions set forth herein and in the record of the hearing on the Petition constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such.

A.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B.     Venue is proper before this Court pursuant to 28 U.S.C. § 1410. This Court may enter a final order consistent with Article III of the United States Constitution.

C.     Good, sufficient, appropriate, and timely notice of the filing of the Petition and the hearing on the Petition has been given by the Foreign Representatives, pursuant to Bankruptcy Rules 1011(b) and 2002(q), via email and/or first class mail to: (a) the Office of the United States Trustee; (b) the United States Attorney for the Southern District of New York; (c) the trustee under the indenture to the 7.875% Unsecured Senior Notes due 2021, The Bank of New York Mellon, 1010 Barclay Street, 21st Floor, New York, NY 10286, Attn:  Global Corporate Trust—Virgin Australia Holdings Limited; (d) the trustee under the indenture to the 8.125% Senior Notes due 2024, The Bank of New York Mellon, 1010 Barclay Street, 21st Floor, New York, NY 10286, Attn:  Global Corporate Trust—Virgin Australia Holdings Limited; (e) Cogency Global, Inc., 10 E. 40th Street, 10th Floor, New York, NY 10016 as the authorized process agent under the indentures; and (f) all known trade vendors located in the United States; (g) all employees located in the United States; and (h) and (f) such other parties in interest that have requested notice pursuant to Bankruptcy Rule 2002.  The Foreign Representatives shall also to post the Petition to a website that it maintains for creditors of the Virgin Australia Group at www.deloitte.com/au/virgin-chapter-15.

D.     No objections or other responses were filed that have not been overruled, withdrawn, or otherwise resolved.

E.     These chapter 15 cases were properly commenced pursuant to Bankruptcy Code §§ 1504, 1509, and 1515.

F.     The Foreign Representatives are each a "person" pursuant to Bankruptcy Code § 101(41) and the duly appointed "foreign representative" of the Foreign Debtors as such term is defined in Bankruptcy Code § 101(24). The Foreign Representatives have each satisfied the requirements of Bankruptcy Code § 1515 and Bankruptcy Rule 1007(a)(4).

G.     The Australian Proceedings are entitled to recognition by this Court pursuant to Bankruptcy Code § 1517.

H.     The Australian Proceedings are pending in Australia, where the Foreign Debtors have their "center of its main interests" as referred to in Bankruptcy Code § 1517(b)(1). Accordingly, the Australian Proceedings are "foreign main proceedings" pursuant to Bankruptcy Code § 1502(4), and are entitled to recognition as foreign main proceedings pursuant to Bankruptcy Code § 1517(b)(1) .

I.     The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Foreign Debtors and their interests.

BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Petition is granted.

2.      The Australian Proceedings are recognized as foreign main proceedings pursuant to Bankruptcy Code § 1517, and all the effects of recognition as set forth in Bankruptcy Code § 1520 shall apply.

4.      Upon entry of this Order, the Australian Proceedings and all prior orders of the Australian Court shall be and hereby are granted comity and given full force and effect in the United States and, pursuant to Bankruptcy Code § 1520, among other things:

      a.      the protections of Bankruptcy Code §§ 361 and 362 apply to the Foreign Debtors;

      b.      all persons and entities are enjoined from seizing, attaching, and enforcing or executing liens or judgments against the Foreign Debtors' property in the United States or from transferring, encumbering, or otherwise disposing of or interfering with the Foreign Debtors' assets or agreements in the United States without the express consent of the Foreign Representative; and

      c.      all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Foreign Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative, or other judgment, assessment, order, lien, or arbitration award against the Foreign Debtors or their assets or proceeds thereof.

5.      The Foreign Representatives and the Foreign Debtors shall be entitled to the full protections and rights enumerated under Bankruptcy Code § 1521(a)(4) and (5) and, accordingly, the Foreign Representatives:

      a.      are entrusted with the administration or realization of all or part of the Foreign Debtors' assets located in the United States; and

      b.      have the right and power to examine witnesses, take evidence, or deliver information concerning the Foreign Debtors' assets, affairs, rights, obligations, or liabilities.

6.      The Foreign Representatives are hereby established as the representatives of the Foreign Debtors with full authority to administer the Foreign Debtors' assets and affairs in the United States, including, without limitation, making payments on account of the Foreign Debtors' prepetition and postpetition obligations.

7.      The Foreign Representatives, the Foreign Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or Local Rules of this Court.

8.      No action taken by the Foreign Representatives, the Foreign Debtors, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the

Australian Proceedings, this Order, these chapter 15 cases, or any adversary proceeding herein, or contested matters in connection therewith, will be deemed to constitute a waiver of any immunity afforded the Foreign Representative, including, without limitation, pursuant to Bankruptcy Code § 1510.

9.     The banks and financial institutions with which the Foreign Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Foreign Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor, and pay any and all such checks, drafts, wires, and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on the Foreign Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representatives or the Foreign Debtors, as the case may be.

10.     The Foreign Representatives are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these chapter 15 cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

13.     This Order applies to all parties in interest in these chapter 15 cases and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

New York, New York
Dated: _____, 2020

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

**Originating Process**

# NOTICE OF FILING AND HEARING

This document was lodged electronically in the FEDERAL COURT OF AUSTRALIA (FCA) on 23/04/2020 4:51:21 PM AEST and has been accepted for filing under the Court's Rules. Filing and hearing details follow and important additional information about these are set out below.

### Filing and Hearing Details

| | |
|---|---|
| Document Lodged: | Originating process (Rule 2.2): Federal Court (Corporations) Rules 2000 form 2 |
| File Number: | NSD464/2020 |
| File Title: | APPLICATION N THE MATTER OF VIRGIN AUSTRALIA HOLDINGS LTD (ADMINISTRATORS APPOINTED) ACN 100 686 226 & ORS |
| Registry: | NEW SOUTH WALES REGISTRY - FEDERAL COURT OF AUSTRALIA |
| Reason for Listing: | Interlocutory Hearing |
| Time and date for hearing: | 24/04/2020, 10:15 AM |
| Place: | Court Room Not Assigned, Level 17, Law Courts Building 184 Phillip Street Queens Square, Sydney; Court Room Not Assigned, Owen Dixon Commonwealth Law Courts Building Level 7, 305 William Street, Melbourne |



Dated: 23/04/2020 5:05:55 PM AEST                                    Registrar

### Important Information

As required by the Court's Rules, this Notice has been inserted as the first page of the document which has been accepted for electronic filing. It is now taken to be part of that document for the purposes of the proceeding in the Court and contains important information for all parties to that proceeding. It must be included in the document served on each of those parties.

The Reason for Listing shown above is descriptive and does not limit the issues that might be dealt with, or the orders that might be made, at the hearing.

The date and time of lodgment also shown above are the date and time that the document was received by the Court. Under the Court's Rules the date of filing of the document is the day it was lodged (if that is a business day for the Registry which accepts it and the document was received by 4.30 pm local time at that Registry) or otherwise the next working day for that Registry.

Form 2
(Rules 2.2 and 15A.3)

# Originating process

No. NSD                              of 2020

Federal Court of Australia
District Registry: New South Wales
Division: Commercial and Corporations List

**IN THE MATTER OF VIRGIN AUSTRALIA HOLDINGS LTD (ADMINISTRATORS APPOINTED) ACN 100 686 226 & ORS**

**VAUGHAN STRAWBRIDGE, SALVATORE ALGERI, JOHN GREIG AND RICHARD HUGHES,
IN THEIR CAPACITY AS JOINT AND SEVERAL VOLUNTARY ADMINISTRATORS
OF EACH OF VIRGIN AUSTRALIA HOLDINGS LTD (ADMINISTRATORS APPOINTED) AND THE
THIRD TO THIRTY-NINTH PLAINTIFFS NAMED IN SCHEDULE 1**

First Plaintiffs

**AND OTHERS NAMED IN SCHEDULE 1**

## A.    DETAILS OF APPLICATION

This application is made under sections 443B(8) and 447A of the *Corporations Act 2001* (Cth) (**Corporations Act**) and section 90-15 of the Insolvency Practice Schedule (Corporations), being Schedule 2 to the Corporations Act (**IPSC**).

On the facts stated in the supporting affidavit of [Vaughan Neil Strawbridge] sworn 23 April 2020, the Plaintiffs seek the following orders:

**Permission to provide notices of meetings to creditors electronically**

1.    An order pursuant to section 447A(1) of the Corporations Act, and further or alternatively section 90-15 of the IPSC, that Part 5.3A of the Corporations Act is to operate, *nunc pro tunc*, in relation to each of the Second to Thirty-Ninth Plaintiffs as if any notice (**Notice**) required to be given pursuant to sections 75-225(1) and 75-15 of the *Insolvency Practice Rules (Corporations) 2016* (Cth) (**IPR**) will be validly given to creditors of the Second to Thirty-Ninth Plaintiffs by reason of the following steps having been taken at least five business days prior to the date of the proposed meeting:

      (a)    where the First Plaintiffs:

| Filed on behalf of (name & role of party) | The Plaintiffs | | |
|---|---|---|---|
| Prepared by (name of person/lawyer) | Timothy James Sackar | | |
| Law firm (if applicable) | Clayton Utz | | |
| Tel    +61 2 9353 4000 | | Fax | +61 2 8220 6700 |
| Email    jrobertson@claytonutz.com | | | |
| **Address for service** (include state and postcode) | Level 15, 1 Bligh Street, Sydney NSW 2000 | | |

2

(i)    have an email address for a creditor, by sending the Notice by email to each such creditor;

(ii)    where the First Plaintiffs do not have an email address for a creditor but have a postal address for the creditor (or have received notification of non-delivery of a notice sent by email in accordance with (a)(i) above), by sending the Notice by posting a copy of it to the postal address for each such creditor;

(b)    by causing the Notice to be published on the Australian Securities and Investments Commission (**ASIC**) published notices website at https://insolvencynotices.asic.gov.au/; and

(c)    by publishing the Notice on the website maintained by the First Plaintiffs at https://www2.deloitte.com/au/en/pages/finance/articles/virgin-australia-holdings-limited-subsidiaries.html.

**Other notices to creditors**

2.    An order pursuant to section 447A(1) of the Corporations Act, and further or alternatively section 90-15 of the IPSC, that if, pursuant to any provision in any of Part 5.3A of the Corporations Act, Part 5.3A of the *Corporations Regulations 2001* (Cth), the IPSC, or the IPR, the First Plaintiffs are required to provide any other notification to creditors during the administration of each of the Second to Thirty-Ninth Plaintiffs, the applicable notice requirements will be satisfied if the First Plaintiffs give such notice by taking the following steps:

(a)    where the First Plaintiffs:

(i)    have an email address for a creditor, by notifying each such creditor of the relevant matter via email;

(ii)    do not have an email address for a creditor but have a postal address for that creditor (or have received notification of non-delivery of a notice sent by email in accordance with (a)(i) above), by notifying each such creditor in writing of the relevant matter via post;

(b)    by publishing notice of the relevant matter on the website maintained by the First Plaintiffs at https://www2.deloitte.com/au/en/pages/finance/articles/virgin-australia-holdings-limited-subsidiaries.html; and

(c)    to the extent the matter relates to a meeting that is the subject of section 75-40(4) of the IPR, by causing notice of the meeting to be published on the ASIC published notices website at https://insolvencynotices.asic.gov.au/.

3

**Conducting meetings of creditors electronically**

3.     An order pursuant to section 447A(1) of the Corporations Act, and further or alternatively section 90-15 of the IPSC, that, to the extent not permitted specifically by sections 75-30, 75-35 and 75-75 of the IPR, the First Plaintiff be permitted to hold meetings of creditors during the administration of each of the Second to Thirty-Ninth Plaintiffs by telephone or audio-visual conference (only, and in place of a physical meeting) with such details of the arrangements for using the telephone or audio-visual conference facilities to be specified in each of the notices issued to creditors.

4.     An order pursuant to section 447A(1) of the Corporations Act, and further or alternatively section 90-15 of the IPSC, that, to the extent not permitted specifically by section 75-35(2)(b) of the IPR, the creditors of each of the Second to Thirty-Ninth Plaintiffs who wish to participate at any meetings of each of the Second to Thirty-Ninth Plaintiffs held by telephone or audio-visual conference (only, and in place of a physical meeting), must lodge with the First Plaintiffs, no later than the second last business day before the day on which the meeting is held, specific proxy forms containing the information in section 75-35(2)(b)(i)-(iii) of the IPR (with liberty to notify the First Plaintiffs of the withdrawal of that specific proxy and amended vote following any discussion at a meeting, in advance of a resolution being passed).

**Committees of inspection**

5.     An order pursuant to section 447A(1) of the Corporations Act, and further or alternatively section 90-15 of the IPSC, that Divisions 75 and 80 of the IPSC and Division 75 of the IPR is to operate as if:

(a)     the requirement in sections 80-10 and 80-15 of the IPSC for the creditors of a company to resolve that a committee of inspection be formed and to appoint members of the committee of inspection, be dispensed with;

(b)     a single committee of inspection be formed in respect of the Second to Thirty-Ninth Plaintiffs;

(c)     subject to (d)-(e) below, the members of the committee of inspection be persons proposed by the First Plaintiffs from nominations made to them in advance of, or at, the first meeting of the creditors of the Second to Thirty-Ninth Plaintiffs (**First Meeting**);

(d)     no later than three (3) business days after the First Meeting, the First Plaintiffs put a proposal (**Proposal**) to the creditors of the Second to Thirty-Ninth Plaintiffs (by giving notice in conformity with the orders in paragraph 2 above and, subject to (iii)-(iv) below, otherwise in accordance with section 75-40 of the IPSC:

(i)     that the members of the committee of inspection be those persons proposed by the First Plaintiffs;

4

(ii)    inviting the creditors of the Second to Thirty-Ninth Plaintiffs to vote either Yes or No on the Proposal;

(iii)   the option of the creditors being permitted to object to the Proposal being determined without a meeting of creditors, be dispensed with; and

(iv)    the time in section 75-130(3) of the IPS be abridged from 15 business days to 5 business days; and

(e)    if the Proposal is taken to have passed in accordance with section 75-130(3) of the IPS, then the members of the committee of inspection be those persons proposed by the First Plaintiffs.

6.    An order pursuant to section 447A(1) of the Corporations Act, and further or alternatively section 90-15 of the IPSC, that, to the extent not permitted specifically by rule 80-5(3) of the IPR:

(a)    a meeting of the committee of inspection may be convened by electronic notice sent to an email address specified by each of the members of the committee of inspection; and

(b)    a meeting of the committee of inspection may be permitted to be held by telephone or audio-visual conference (only, and in place of a physical meeting) with such details of the arrangements for using the telephone or audio-visual conference facilities to be specified in each of the notices issued to, or by, the members of the committee of inspection. dispersed

**Information to Creditors**

7.    An order pursuant to section 447A(1) of the Corporations Act, and further or alternatively section 90-15 of the IPSC, that section 70-1(2)(a) of the IPR is to operate in relation to each of the Second to Thirty-Ninth Plaintiffs as if:

(a)    the words "5 business days after receiving the request" be read as "10 business days after receiving the request"; and

(b)    the First Plaintiffs may provide the information, report or document requested by a creditor by publishing that information, report or document on the website maintained by the First Plaintiffs at https://www2.deloitte.com/au/en/pages/finance/articles/virgin-australia-holdings-limited-subsidiaries.html, and by referring the creditor to that website.

**Extension of time for the exercise of rights in relation to property**

8.    An order pursuant to section 443B(8) and / or 447A(1) of the Corporations Act, and further or alternatively section 90-15 of the IPSC, that Part 5.3A of the Corporations Act is to operate in relation to each of the Second to Thirty-Ninth Plaintiffs as if:

5

(a)    the First Plaintiffs' personal liability under sections 443A(1)(c) and 443B(2) of the Corporations Act begins on 26 May 2020, such that the First Plaintiffs are not personally liable for any liability with respect to any property leased, used or occupied by any of the Second to Thirty-Ninth Plaintiffs (including amounts payable pursuant to any leases entered into by any of the Second to Thirty-Ninth Plaintiffs), from any lessors, in the period from 28 April 2020 to 26 May 2020 inclusive; and

(b)    the words "within five business days after the beginning of the administration" in section 443B(3) of the Corporations Act instead read "by 26 May 2020".

**Notification of application and orders**

9.    An order that the First Plaintiffs must take all reasonable steps to cause notice of these orders to be given, within two (2) business days of the making of these orders, to:

(a)    the creditors (including persons or entities claiming to be creditors) of each of the Second to the Thirty-Ninth Plaintiffs, in the following manner:

(i)    where the First Plaintiffs have an email address for a creditor, by notifying each such creditor, via email, of the making of the orders and providing a link to a website where the creditor may download the orders and the Originating Process;

(ii)    where the First Plaintiffs do not have an email address for a creditor but have a postal address for that creditor (or have received notification of non-delivery of a notice sent by email in accordance with (a)(i) above), by notifying each such creditor, via post, of the making of the orders and providing a link to a website where the creditor may download the orders and the Originating Process; and

(iii)    placing scanned, sealed copies of the Originating Process and the orders on the website maintained by the First Plaintiffs at https://www2.deloitte.com/au/en/pages/finance/articles/virgin-australia-holdings-limited-subsidiaries.html ; and

(b)    ASIC.

**Other relief**

10.    An order that any person who can demonstrate a sufficient interest has liberty to apply to vary or discharge any orders made pursuant to paragraphs 1 to 8 above, on 3 business days' written notice being given to the Plaintiffs and to the Associate to Justice Farrell.

11.    An order that the Plaintiffs have liberty to apply on 1 business day's written notice to the Court in relation to any variation of these orders or any other matter generally arising in the administrations of any or all of the Second to Thirty-Ninth Plaintiffs.

12.    An order that the Plaintiffs' costs of the application are to be treated as costs in the administrations of each of the Second to Thirty-Ninth Plaintiffs, jointly and severally.

13.    An order that these orders be entered forthwith.

14.    Such further or other orders or directions as the Court considers appropriate.

Date:  23.04.2020

.......................................................................
Signed by Timothy James Sackar
Solicitor for the Plaintiffs

This application will be heard by the Judge in Court          , Federal of Australia, Law Courts Building, Queens Square, Sydney NSW 2000 at          on          .


**B.    NOTICE TO DEFENDANT(S) (IF ANY)**

TO:   N/A

If you or your legal practitioner do not appear before the Court at the time shown above, the application may be dealt with, and an order made, in your absence.  As soon after that time as the business of the Court will allow, any of the following may happen:

     (a)    the application may be heard and final relief given;

     (b)    directions may be given for the future conduct of the proceeding;

     (c)    any interlocutory application may be heard.

Before appearing before the Court, you must file a notice of appearance, in the prescribed form, in the Registry and serve a copy of it on the Plaintiffs.

---

*Note*:  Unless the Court otherwise orders, a defendant that is a corporation must be represented at a hearing by a legal practitioner.  It may be represented at a hearing by a director of the corporation only if the Court grants leave.

---

**C.    APPLICATION FOR WINDING UP ON GROUND OF INSOLVENCY**

N/A

**D.    FILING**

Date of filing:

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Registrar

This originating process is filed by Clayton Utz, solicitors for the Plaintiffs.

**E.    SERVICE**

The Plaintiffs' address for service is:

      C/- Clayton Utz
      Lawyers
      1 Bligh Street, Sydney NSW 2000
      DX 370 Sydney

      Tel: (02) 9353 4000
      Fax: (02) 8220 6700
      Ref: 81005835

It is intended to serve a copy of this originating process on the following persons:

8

# SCHEDULE 1

Federal Court of Australia
District Registry:  New South Wales
Division:  General

No. NSD          of 2020

**IN THE MATTER OF VIRGIN AUSTRALIA HOLDINGS LTD (ADMINISTRATORS APPOINTED) ACN 100 686 226 & ORS**

**Plaintiffs**

**Plaintiffs**

| | |
|---|---|
| First Plaintiffs: | Vaughan Strawbridge, Salvatore Algeri, John Greig and Richard Hughes, in their capacity as joint and several voluntary administrators of the Second to Thirty-ninth Plaintiffs |
| Second Plaintiff: | Virgin Australia Holdings Ltd (Administrators Appointed) ACN 100 686 226 |
| Third Plaintiff | Virgin Australia International Operations Pty Ltd (Administrators Appointed) ACN 155 859 608 |
| Fourth Plaintiff: | Virgin Australia International Holdings Pty Ltd (Administrators Appointed) ACN 155 860 021 |
| Fifth Plaintiff: | Virgin Australia International Airlines Pty Ltd (Administrators Appointed) ACN 125 580 823 |
| Sixth Plaintiff: | Virgin Australia Airlines (SE Asia) Pty Ltd (Administrators Appointed) ACN 097 892 389 |
| Seventh Plaintiff: | Virgin Australia Airlines Holdings Pty Ltd (Administrators Appointed) ACN 093 924 675 |
| Eighth Plaintiff: | VAH Newco No.1 Pty Ltd (Administrators Appointed) ACN 160 881 345 |
| Ninth Plaintiff: | Tiger Airways Australia Pty Limited (Administrators Appointed) ACN 124 369 008 |
| Tenth Plaintiff: | Virgin Australia Airlines Pty Ltd (Administrators Appointed) ACN 090 670 965 |
| Eleventh Plaintiff: | VA Borrower 2019 No. 1 Pty Ltd (Administrators Appointed) ACN 633 241 059 |

| Twelfth Plaintiff: | VA Borrower 2019 No. 2 Pty Ltd (Administrators Appointed) ACN 637 371 343 |
| --- | --- |
| Thirteenth Plaintiff: | Virgin Tech Pty Ltd (Administrators Appointed) ACN 101 808 879 |
| Fourteenth Plaintiff: | Short Haul 2018 No. 1 Pty Ltd (Administrators Appointed) ACN 622 014 831 |
| Fifteenth Plaintiff: | Short Haul 2017 No. 1 Pty Ltd (Administrators Appointed) ACN 617 644 390 |
| Sixteenth Plaintiff: | Short Haul 2017 No. 2 Pty Ltd (Administrators Appointed) ACN 617 644 443 |
| Seventeenth Plaintiff: | Short Haul 2017 No. 3 Pty Ltd (Administrators Appointed) ACN 622 014 813 |
| Eighteenth Plaintiff: | VBNC5 Pty Ltd (Administrators Appointed) ACN 119 691 502 |
| Nineteenth Plaintiff: | A.C.N. 098 904 262 Pty Ltd (Administrators Appointed) ACN 098 904 262 |
| Twentieth Plaintiff: | Virgin Australia Regional Airlines Pty Ltd (Administrators Appointed) ACN 008 997 662 |
| Twenty-first Plaintiff: | Virgin Australia Holidays Pty Ltd (Administrators Appointed) ACN 118 552 159 |
| Twenty-second Plaintiff: | VB Ventures Pty Ltd (Administrators Appointed) ACN 125 139 004 |
| Twenty-third Plaintiff: | Virgin Australia Cargo Pty Ltd (Administrators Appointed) ACN 600 667 838 |
| Twenty-fourth Plaintiff: | VB Leaseco Pty Ltd (Administrators Appointed) ACN 134 268 741 |
| Twenty-fifth Plaintiff: | VA Hold Co Pty Ltd (Administrators Appointed) ACN 165 507 157 |
| Twenty-sixth Plaintiff: | VA Lease Co Pty Ltd (Administrators Appointed) ACN 165 507 291 |
| Twenty-seventh Plaintiff: | Virgin Australia 2013-1 Issuer Co Pty Ltd (Administrators Appointed) ACN 165 507 326 |

10

| Twenty-eighth Plaintiff: | 737 2012 No.1 Pty. Ltd (Administrators Appointed) ACN 154 201 859 |
| Twenty-ninth Plaintiff: | 737 2012 No. 2 Pty Ltd (Administrators Appointed) ACN 154 225 064 |
| Thirtieth Plaintiff: | Short Haul 2016 No. 1 Pty Ltd (Administrators Appointed) ACN 612 766 328 |
| Thirty-first Plaintiff: | Short Haul 2016 No. 2 Pty Ltd (Administrators Appointed) ACN 612 796 077 |
| Thirty-second Plaintiff: | Short Haul 2014 No. 1 Pty Ltd (Administrators Appointed) ACN 600 809 612 |
| Thirty-third Plaintiff: | Short Haul 2014 No. 2 Pty Ltd (Administrators Appointed) ACN 600 878 199 |
| Thirty-fourth Plaintiff: | VA Regional Leaseco Pty Ltd (Administrators Appointed) ACN 127 491 605 |
| Thirty-fifth Plaintiff: | VB 800 2009 Pty Ltd (Administrators Appointed) ACN 135 488 934 |
| Thirty-sixth Plaintiff: | VB Leaseco No 2 Pty Ltd (Administrators Appointed) ACN 142 533 319 |
| Thirty-seventh Plaintiff: | VB LH 2008 No. 1 Pty Ltd (Administrators Appointed) ACN 134 280 354 |
| Thirty-eighth Plaintiff: | VB LH 2008 No. 2 Pty Ltd (Administrators Appointed) ACN 134 288 805 |
| Thirty-ninth Plaintiff: | VB PDP 2010-11 Pty Ltd (Administrators Appointed) ACN 140 818 266 |

## <u>EXHIBIT C</u>

**Australian Court Order**

Federal Court of Australia

District Registry: New South Wales

Division: General                                                         No: NSD464/2020

**IN THE MATTER OF VIRGIN AUSTRALIA HOLDINGS LTD
(ADMINISTRATORS APPOINTED) ACN 100 686 226 & ORS**

**VAUGHAN STRAWBRIDGE, SALVATORE ALGERI, JOHN GREIG AND
RICHARD HUGHES, IN THEIR CAPACITY AS JOINT AND SEVERAL
VOLUNTARY ADMINISTRATORS OF THE SECOND TO THIRTY-NINTH
PLAINTIFFS** and others named in the schedule
Plaintiff

### ORDER

| | |
|---|---|
| **JUDGE:** | JUSTICE MIDDLETON |
| **DATE OF ORDER:** | 24 April 2020 |
| **WHERE MADE:** | Melbourne |

1.    The Originating Process filed on 23 April 2020 be made returnable at 10.15am on 24
       April 2020.

2.    Pursuant to section 447A(1) of the *Corporations Act 2001* (Cth) (**Corporations Act**)
       and section 90-15 of the Insolvency Practice Schedule (Corporations), being Schedule 2
       to the Corporations Act (**IPSC**), Part 5.3A of the Corporations Act is to operate, *nunc
       pro tunc*, in relation to each of the Second to Thirty-Ninth Plaintiffs as if any notice
       (**Notice**) required to be given pursuant to sections 75-225(1) and 75-15 of the
       *Insolvency Practice Rules (Corporations) 2016* (Cth) (**IPR**) will be validly given to
       creditors of the Second to Thirty-Ninth Plaintiffs by reason of the following steps
       having been taken at least five business days prior to the date of the proposed meeting:

       (a)    where the First Plaintiffs:

               (i)    have an email address for a creditor, by sending the Notice by email to each
                       such creditor;

               (ii)   where the First Plaintiffs do not have an email address for a creditor but
                       have a postal address for the creditor (or have received notification of non-

delivery of a notice sent by email in accordance with (a)(i) above), by sending the Notice by posting a copy of it to the postal address for each such creditor;

(b)    by causing the Notice to be published on the Australian Securities and Investments Commission (**ASIC**) published notices website at https://insolvencynotices.asic.gov.au/; and

(c)    by publishing the Notice on the website maintained by the First Plaintiffs at https://www2.deloitte.com/au/en/pages/finance/articles/virgin-australia-holdings-limited-subsidiaries.html.

3.    Pursuant to section 447A(1) of the Corporations Act and section 90-15 of the IPSC, if, pursuant to any provision in any of Part 5.3A of the Corporations Act, Part 5.3A of the *Corporations Regulations 2001* (Cth), the IPSC, or the IPR, the First Plaintiffs are required to provide any other notification to creditors during the administration of each of the Second to Thirty-Ninth Plaintiffs, the applicable notice requirements will be satisfied if the First Plaintiffs give such notice by taking the following steps:

(a)    where the First Plaintiffs:

(i)    have an email address for a creditor, by notifying each such creditor of the relevant matter via email;

(ii)    do not have an email address for a creditor but have a postal address for that creditor (or have received notification of non-delivery of a notice sent by email in accordance with (a)(i) above), by notifying each such creditor in writing of the relevant matter via post;

(b)    by publishing notice of the relevant matter on the website maintained by the First Plaintiffs at https://www2.deloitte.com/au/en/pages/finance/articles/virgin-australia-holdings-limited-subsidiaries.html; and

(c)    to the extent the matter relates to a meeting that is the subject of section 75-40(4) of the IPR, by causing notice of the meeting to be published on the ASIC published notices website at https://insolvencynotices.asic.gov.au/.

4.      Pursuant to section 447A(1) of the Corporations Act and section 90-15 of the IPSC, to the extent not permitted specifically by sections 75-30, 75-35 and 75-75 of the IPR, the First Plaintiff be permitted to hold meetings of creditors during the administration of each of the Second to Thirty-Ninth Plaintiffs by telephone or audio-visual conference at the place of the Administrators' offices (without creditors of the Second to Thirty-Ninth Plaintiffs being able to attend physically at that place), with such details of the arrangements for using the telephone or audio-visual conference facilities to be specified in each of the notices issued to creditors.

4A.     Pursuant to section 447A(1) of the Corporations Act and section 90-15 of the IPSC, Part 5.3A of the Corporations Act is to operate in relation to the Second to Thirty-Ninth Plaintiffs as if the First Plaintiffs have validly convened the first meeting of the creditors of the Second to Thirty-Ninth Plaintiffs (**First Meeting**) in accordance with section 436E(3) of the Corporations Act, by the notice issued by the First Plaintiffs on 21 April 2020 (**Notice of First Meeting**), notwithstanding that the Notice of First Meeting referred to the location of the meeting as "Virtual meeting only".

5.      Pursuant to section 447A(1) of the Corporations Act and section 90-15 of the IPSC, to the extent not permitted specifically by section 75-35(2)(b) of the IPR, the creditors of each of the Second to Thirty-Ninth Plaintiffs who wish to participate at any meetings of each of the Second to Thirty-Ninth Plaintiffs held by telephone or audio-visual conference at the place of the Administrators' offices (without creditors of the Second to Thirty-Ninth Plaintiffs being able to attend physically at that place), must lodge with the First Plaintiffs, no later than the second last business day before the day on which the meeting is held, specific proxy forms containing the information in section 75-35(2)(b)(i)-(iii) of the IPR (with liberty to notify the First Plaintiffs of the withdrawal of that specific proxy and amended vote following any discussion at a meeting, in advance of a resolution being passed).

6.      Pursuant to section 447A(1) of the Corporations Act and section 90-15 of the IPSC, Divisions 75 and 80 of the IPSC and Division 75 of the IPR are to operate as if:

(a) the requirement in sections 80-10 and 80-15 of the IPSC for the creditors of a company to resolve that a committee of inspection be formed and to appoint members of the committee of inspection, be dispensed with;

(b) a single committee of inspection be formed in respect of the Second to Thirty-Ninth Plaintiffs;

(c) subject to (d)-(e) below, the members of the committee of inspection be persons proposed by the First Plaintiffs from nominations made to them in advance of, or at, the First Meeting;

(d) no later than three (3) business days after the First Meeting, the First Plaintiffs put a proposal (**Proposal**) to the creditors of the Second to Thirty-Ninth Plaintiffs (by giving notice in conformity with the orders in paragraph 3 above and, subject to (iii)-(iv) below, otherwise in accordance with section 75-40 of the IPR):

  (i) that the members of the committee of inspection be those persons proposed by the First Plaintiffs;

  (ii) inviting the creditors of the Second to Thirty-Ninth Plaintiffs to vote either Yes or No on the Proposal;

  (iii) the option of the creditors being permitted to object to the Proposal being determined without a meeting of creditors, be dispensed with; and

  (iv) the time in section 75-130(3) of the IPR be abridged from 15 business days to 5 business days; and

(e) if the Proposal is taken to have passed in accordance with section 75-130(2)(a)-(b) of the IPR, then the members of the committee of inspection be those persons proposed by the First Plaintiffs.

7. Pursuant to section 447A(1) of the Corporations Act and section 90-15 of the IPSC, to the extent not permitted specifically by section 80-5(3) of the IPR:

(a)    a meeting of the committee of inspection may be convened by electronic notice sent to an email address specified by each of the members of the committee of inspection; and

(b)    a meeting of the committee of inspection may be permitted to be held by telephone or audio-visual conference (only, and in place of a physical meeting) with such details of the arrangements for using the telephone or audio-visual conference facilities to be specified in each of the notices issued to, or by, the members of the committee of inspection. dispersed

8.    Pursuant to section 447A(1) of the Corporations Act and section 90-15 of the IPSC, section 70-1(2)(a) of the IPR is to operate in relation to each of the Second to Thirty-Ninth Plaintiffs as if:

(a)    the words "5 business days after receiving the request" be read as "10 business days after receiving the request"; and

(b)    the First Plaintiffs may provide the information, report or document requested by a creditor by publishing that information, report or document on the website maintained by the First Plaintiffs at https://www2.deloitte.com/au/en/pages/finance/articles/virgin-australia-holdings-limited-subsidiaries.html, and by referring the creditor to that website.

9.    Pursuant to sections 443B(8) and 447A(1) of the Corporations Act and section 90-15 of the IPSC, Part 5.3A of the Corporations Act is to operate in relation to each of the Second to Thirty-Ninth Plaintiffs as if:

(a)    the First Plaintiffs' personal liability under sections 443A(1)(c) and 443B(2) of the Corporations Act begins on 26 May 2020, such that the First Plaintiffs are not personally liable for any liability with respect to any property leased, used or occupied by any of the Second to Thirty-Ninth Plaintiffs (including amounts payable pursuant to any leases entered into by any of the Second to Thirty-Ninth Plaintiffs), from any lessors, in the period from 28 April 2020 to 26 May 2020 inclusive; and

(b)  the words "within five business days after the beginning of the administration" in section 443B(3) of the Corporations Act instead read "by 26 May 2020".

10.  The First Plaintiffs must take all reasonable steps to cause notice of these orders to be given, within two (2) business days of the making of these orders, to:

(a)  the creditors (including persons or entities claiming to be creditors) of each of the Second to the Thirty-Ninth Plaintiffs, in the following manner:

(i)  where the First Plaintiffs have an email address for a creditor, by notifying each such creditor, via email, of the making of the orders and providing a link to a website where the creditor may download the orders and the Originating Process;

(ii)  where the First Plaintiffs do not have an email address for a creditor but have a postal address for that creditor (or have received notification of non-delivery of a notice sent by email in accordance with (a)(i) above), by notifying each such creditor, via post, of the making of the orders and providing a link to a website where the creditor may download the orders and the Originating Process; and

(iii)  placing scanned, sealed copies of the Originating Process and the orders on the website maintained by the First Plaintiffs at https://www2.deloitte.com/au/en/pages/finance/articles/virgin-australia-holdings-limited-subsidiaries.html ; and

(b)  ASIC.

11.  Any person who can demonstrate a sufficient interest has liberty to apply to vary or discharge any orders made pursuant to paragraphs 2 to 9 above, on 1 business day's written notice being given to the Plaintiffs and to the Associate to Justice Middleton.

12.  The Plaintiffs have liberty to apply on 1 business day's written notice to the Court in relation to any variation of these orders or any other matter generally arising in the administrations of any or all of the Second to Thirty-Ninth Plaintiffs.

13.    The Plaintiffs' costs of the application are to be treated as costs in the administrations of each of the Second to Thirty-Ninth Plaintiffs, jointly and severally.

14.    These orders be entered forthwith.

**THE COURT NOTES THAT:**

15.    When the First Plaintiffs provide further details of how creditors of the Second to Thirty-Ninth Plaintiffs may attend the First Meeting by electronic means, the First Plaintiffs will indicate that the place of the First Meeting is to be at the offices of the First Plaintiffs at Level 9 Grosvenor Place, 225 George Street, Sydney NSW 2000, Australia (but that creditors are not permitted to attend the meeting in person at that place).

Date that entry is stamped:

Sia Lagos

Registrar

**Schedule**

No: NSD464/2020

Federal Court of Australia

District Registry: New South Wales

Division: General

| | |
|---|---|
| Second Plaintiff | VIRGIN AUSTRALIA HOLDINGS LTD (ADMINISTRATORS APPOINTED) ACN 100 686 226 |
| Third Plaintiff | VIRGIN AUSTRALIA INTERNATIONAL OPERATIONS PTY LTD (ADMINISTRATORS APPOINTED) ACN 155 859 608 |
| Fourth Plaintiff | VIRGIN AUSTRALIA INTERNATIONAL HOLDINGS PTY LTD (ADMINISTRATORS APPOINTED) ACN 155 860 021 |
| Fifth Plaintiff | VIRGIN AUSTRALIA INTERNATIONAL AIRLINES PTY LTD (ADMINISTRATORS APPOINTED) ACN 125 580 823 |
| Sixth Plaintiff | VIRGIN AUSTRALIA AIRLINES (SE ASIA) PTY LTD (ADMINISTRATORS APPOINTED) ACN 097 892 389 |
| Seventh Plaintiff | VIRGIN AUSTRALIA AIRLINES HOLDINGS PTY LTD (ADMINISTRATORS APPOINTED) ACN 093 924 675 |
| Eighth Plaintiff | VAH NEWCO NO.1 PTY LTD (ADMINISTRATORS APPOINTED) ACN 160 881 345 |
| Ninth Plaintiff | TIGER AIRWAYS AUSTRALIA PTY LIMITED (ADMINISTRATORS APPOINTED) ACN 124 369 008 |
| Tenth Plaintiff | VIRGIN AUSTRALIA AIRLINES PTY LTD (ADMINISTRATORS APPOINTED) ACN 090 670 965 |
| Eleventh Plaintiff | VA BORROWER 2019 NO. 1 PTY LTD (ADMINISTRATORS APPOINTED) ACN 633 241 059 |
| Twelfth Plaintiff | VA BORROWER 2019 NO. 2 PTY LTD (ADMINISTRATORS APPOINTED) ACN 637 371 343 |
| Thirteenth Plaintiff | VIRGIN TECH PTY LTD (ADMINISTRATORS APPOINTED) ACN 101 808 879 |
| Fourteenth Plaintiff | SHORT HAUL 2018 NO. 1 PTY LTD (ADMINISTRATORS APPOINTED) ACN 622 014 831 |
| Fifteenth Plaintiff | SHORT HAUL 2017 NO. 1 PTY LTD (ADMINISTRATORS |

|  | APPOINTED) ACN 617 644 390 |
| --- | --- |
| Sixteenth Plaintiff | SHORT HAUL 2017 NO. 2 PTY LTD (ADMINISTRATORS APPOINTED) ACN 617 644 443 |
| Seventeenth Plaintiff | SHORT HAUL 2017 NO. 3 PTY LTD (ADMINISTRATORS APPOINTED) ACN 622 014 813 |
| Eighteenth Plaintiff | VBNC5 PTY LTD (ADMINISTRATORS APPOINTED) ACN 119 691 502 |
| Nineteenth Plaintiff | A.C.N. 098 904 262 PTY LTD (ADMINISTRATORS APPOINTED) ACN 098 904 262 |
| Twentieth Plaintiff | VIRGIN AUSTRALIA REGIONAL AIRLINES PTY LTD (ADMINISTRATORS APPOINTED) ACN 008 997 662 |
| Twenty First Plaintiff | VIRGIN AUSTRALIA HOLIDAYS PTY LTD (ADMINISTRATORS APPOINTED) ACN 118 552 159 |
| Twenty Second Plaintiff | VB VENTURES PTY LTD (ADMINISTRATORS APPOINTED) ACN 125 139 004 |
| Twenty Third Plaintiff | VIRGIN AUSTRALIA CARGO PTY LTD (ADMINISTRATORS APPOINTED) ACN 600 667 838 |
| Twenty Fourth Plaintiff | VB LEASECO PTY LTD (ADMINISTRATORS APPOINTED) ACN 134 268 741 |
| Twenty Fifth Plaintiff | VA HOLD CO PTY LTD (ADMINISTRATORS APPOINTED) ACN 165 507 157 |
| Twenty Sixth Plaintiff | VA LEASE CO PTY LTD (ADMINISTRATORS APPOINTED) ACN 165 507 291 |
| Twenty Seventh Plaintiff | VIRGIN AUSTRALIA 2013-1 ISSUER CO PTY LTD (ADMINISTRATORS APPOINTED) ACN 165 507 326 |
| Twenty Eighth Plaintiff | 737 2012 NO.1 PTY. LTD (ADMINISTRATORS APPOINTED) ACN 154 201 859 |
| Twenty Ninth Plaintiff | 737 2012 NO. 2 PTY LTD (ADMINISTRATORS APPOINTED) ACN 154 225 064 |
| Thirtieth Plaintiff | SHORT HAUL 2016 NO. 1 PTY LTD (ADMINISTRATORS APPOINTED) ACN 612 766 328 |
| Thirty First Plaintiff | SHORT HAUL 2016 NO. 2 PTY LTD (ADMINISTRATORS APPOINTED) ACN 612 796 077 |

- 10 -

| Thirty Second Plaintiff | SHORT HAUL 2014 NO. 1 PTY LTD (ADMINISTRATORS APPOINTED) ACN 600 809 612 |
|---|---|
| Thirty Third Plaintiff | SHORT HAUL 2014 NO. 2 PTY LTD (ADMINISTRATORS APPOINTED) ACN 600 878 199 |
| Thirty Fourth Plaintiff | VA REGIONAL LEASECO PTY LTD (ADMINISTRATORS APPOINTED) ACN 127 491 605 |
| Thirty Fifth Plaintiff | VB 800 2009 PTY LTD (ADMINISTRATORS APPOINTED) ACN 135 488 934 |
| Thirty Sixth Plaintiff | VB LEASECO NO 2 PTY LTD (ADMINISTRATORS APPOINTED) ACN 142 533 319 |
| Thirty Seventh Plaintiff | VB LH 2008 NO. 1 PTY LTD (ADMINISTRATORS APPOINTED) ACN 134 280 354 |
| Thirty Eighth Plaintiff | VB LH 2008 NO. 2 PTY LTD (ADMINISTRATORS APPOINTED) ACN 134 288 805 |
| Thirty Ninth Plaintiff | VB PDP 2010-11 PTY LTD (ADMINISTRATORS APPOINTED) ACN 140 818 266 |