| | |
|---|---|
| Renée M. Dailey<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>65 Memorial Road<br>Suite C340<br>West Hartford, CT 06107<br>Telephone:    (860) 263-2930<br>Facsimile:    (860) 263-2932 | Abid Qureshi<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>One Bryant Park<br>New York, NY 10036<br>Telephone:    (212) 872-1000<br>Facsimile:    (212) 872-1002 |

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| Virgin Australia Holdings Ltd.<br>(ACN 100 686 226)[1]., *et al.*, | ) | Case No. 20-11024 (SHL) |
| | ) | |
| Debtor in a Foreign Proceeding.[2] | ) | (Joint Administration Requested) |

---

[1] An Australian Company Number ("ACN") is a unique nine-digit number issued by the Australian Securities and Investments Commission ("ASIC") to every company registered under the Commonwealth Corporations Act 2001 as an identifier.

[2] The Debtors in these cases, along with the last three digits of each Debtor's ACN number, are: Virgin Australia Holdings Ltd (226); Virgin Australia International Operations Pty Ltd (608); Virgin Australia International Holdings Pty Ltd (021); Virgin Australia International Airlines Pty Ltd (823); Virgin Australia Airlines (SE Asia) Pty Ltd (389); Virgin Australia Airlines Holdings Pty Ltd (675); VAH Newco No. 1 Pty Ltd (345); Tiger Airways Australia Pty Limited (008); Virgin Australia Airlines Pty Ltd (965); VA Borrower 2019 No. 1 Pty Ltd (059); VA Borrower 2019 No. 2 Pty Ltd (343); Virgin Tech Pty Ltd (879); Short Haul 2018 No. 1 Pty Ltd (831); Short Haul 2017 No. 1 (390); Short Haul 2017 No. 2 Pty Ltd (443); Short Haul 2017 No. 3 Pty Ltd (813); VBNC5 Pty Ltd (502); A.C.N. 098 904 262 Pty Ltd (262); Virgin Australia Regional Airlines Pty Ltd (662); Virgin Australia Holidays Pty Ltd (159); VB Ventures Pty Ltd (004); Virgin Australia Cargo Pty Ltd (838); VB Leaseco Pty Ltd (741); VA Hold Co Pty Ltd (157); VA Lease Co Pty Ltd (291); Virgin Australia 2013-1 Issuer Co Pty Ltd (326); 737 2012 No. 1 Pty. Ltd (859); 737 2012 No. 2 Pty Ltd (064); Short Haul 2016 No. 1 Pty Ltd (328); Short Haul 2016 No. 2 Pty Ltd (077); Short Haul 2014 No. 1 Pty Ltd (612); Short Haul 2014 No. 2 Pty Ltd (199); VA Regional Leaseco Pty Ltd (605); VB 800 2009 Pty Ltd (934); VB Leaseco No. 2 Pty Ltd (319); VB LH 2008 No. 1 Pty Ltd (354); VB LH 2008 No. 2 Pty Ltd (805); VB PDP 2010-11 Pty Ltd (266); Tiger International Number 1 Pty Ltd (944). The service address for each of the above Debtors is Deloitte Brisbane, Riverside Centre, 123 Eagle St, Brisbane QLD 4000, Australia.

## DECLARATION OF FOREIGN REPRESENTATIVE PURSUANT TO 11 U.S.C. § 1515 AND RULE 1007(A)(4) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND IN SUPPORT OF VERIFIED PETITION FOR (I) RECOGNITION OF FOREIGN MAIN PROCEEDINGS, (II) RECOGNITION OF FOREIGN REPRESENTATIVES, AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE

I, Salvatore Algeri, to the best of my information and belief, state as follows:

1. I am over the age of 18 and, if called upon, could testify to all matters set forth in this declaration based upon my own personal knowledge except for those portions specified as being otherwise. I am making this declaration in accordance with section 1515 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. I am one of the four joint and several administrators of the above-captioned foreign debtors (the "Foreign Debtors"). The other joint and several administrators of the Foreign Debtors are my colleagues Vaughan Strawbridge, Richard Hughes, and John Greig (I refer to myself and the other administrators herein, collectively as, the "Administrators" or the "Foreign Representatives"). The Foreign Debtors are currently in voluntary administration proceedings under Australia's *Corporations Act 2001* (Cth) (the "Corporations Act"). Each of the Administrators is the foreign representative of the Foreign Debtors and is authorized to commence these chapter 15 cases.

3. I submit this declaration in support of: (a) the official form chapter 15 petitions for the Foreign Debtors; and (b) the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representatives, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Verified Petition").

2

# BACKGROUND

### A. The Foreign Debtors

4. Based upon information I have learned in my role as Administrator and from the research of my team and my advisors, I understand that Virgin Australia Holdings Ltd. (ACN 100 686 226) (Administrators Appointed) ("Holdings") is the ultimate parent of a group of affiliated companies (collectively the "Virgin Australia Group") that own and operate three domestic commercial airlines – Virgin Australia, Virgin Australia Regional Airlines and Tigerair Australia – and one international commercial airline – Virgin Australia International Airlines.

5. Certain members of the Virgin Australia Group are not in voluntary administration proceedings in Australia at this time and are not Foreign Debtors. For example, several members of the Virgin Australia Group that are incorporated in Singapore are not eligible for voluntary administration proceedings under the Corporations Act. Other members of the Virgin Australia Group[3] were in liquidation proceedings in Australia and Singapore prior to the appointment of the Administrators (the "Pre-Administration Liquidation Proceedings"). Aside from the chapter 15 cases, the Pre-Administration Liquidation Proceedings and the Australian Proceedings, none of the Foreign Debtors, and none of the non-Foreign Debtor members of the Virgin Australia Group, are subject to insolvency proceedings at this time.

6. Each of the Foreign Debtors are registered and incorporated in Australia. Holdings is listed on the Australian Stock Exchange. Each of the Foreign Debtors' registered

---

[3] These entities are VAH Newco No. 2 Pty Ltd. (ACN 160 881 354), Skywest Airlines Pte. Ltd. (ARBN 140 631 572), and VB Investco Pty Ltd. (ACN 101 961 095).

3

office is located at 56 Edmondstone Road, Bowen Hills, Brisbane, Queensland 4006, Australia. Each of the Foreign Debtors' principal place of business is also in Australia.[4]

7. I understand that the Foreign Debtors are primarily controlled by, and decision-making is made from, their principal place of business in Australia. The majority of the Foreign Debtors' employees reside in Australia, and the majority of the Foreign Debtors' assets are located in Australia. In my opinion, a significant proportion of the Foreign Debtors' administrative functions, including accounting, financial reporting, budgeting, and cash management, are conducted in Australia.

8. I understand the Virgin Australia Group commenced the Australian Proceedings following significant disruption and damage to their airline businesses resulting from the COVID-19 pandemic. Since our appointment as Administrators, the Foreign Debtors have continued operating certain international and domestic Australian flights in order to transport essential workers, maintain important freight corridors, and to provide transportation to Australians wishing to return home during the COVID-19 pandemic.

B. **Virgin Australia Group's Assets and Activities in the United States**

9. While the Virgin Australia Group airlines operate primarily in Australia, they also fly to the United States. Prior to the COVID-19 pandemic, Virgin Australia Group operated daily service between Los Angeles and Sydney, as well as multiple flights per week between Los Angeles and Melbourne. Under its current schedule, the Virgin Australia Group operates approximately one flight each week between Brisbane and Los Angeles, in addition

---

[4] The principal place of business of Foreign Debtors A.C.N. 098 904 262 Pty Ltd (ACN 098 904 262), VA Regional Leaseco Pty Ltd (ACN 127 491 605), and Virgin Australia Regional Airlines Pty Ltd (008 997 662) is located at 94-96 Welshpool Road Welshpool WA 6106 . The principal place of business of Foreign Debtor Tiger Airways Australia Pty Limited (ACN 124 369 008) is located at Jetbase Gate, 26 South Centre Road, Tullamarine VIC 3043 Each of the other Foreign Debtors' principal place of business is also at 56 Edmondstone Road, Bowen Hills, Brisbane, Queensland 4006.

4

to dedicated cargo-only flights. The Foreign Debtors also service aircraft and parts in the United States. Currently, four of the Foreign Debtors' leased aircraft are located at Embraer Aircraft Maintenance Services at Nashville International Airport. Accordingly, the Foreign Debtors' aircraft and related equipment are routinely present in the United States.

10. The Foreign Debtors maintain the following bank accounts in the United States with JPMorgan Chase Bank, N.A. and U.S. Bank N.A.

| Bank | Account Name | Currency | Account No. | Company |
|---|---|---|---|---|
| JPMorgan Chase Bank, N.A. | Virgin Australia | EUR | ******167 | Virgin Australia Airlines PTY LTD |
| JPMorgan Chase Bank, N.A. | VAIA JPM USD SET | USD | ******660 | Virgin Australia International |
| JPMorgan Chase Bank, N.A. | VAIA JPM USD PAY | USD | ******678 | Virgin Australia International |
| JPMorgan Chase Bank, N.A. | VAIA JPM USD GPS | USD | ******763 | Virgin Australia International |
| JPMorgan Chase Bank, N.A. | VAIA JPM USD IMP | USD | ******771 | Virgin Australia International |
| JPMorgan Chase Bank, N.A. | VAIA JPM USD ACC | USD | ******604 | Virgin Australia Airlines PTY LTD |
| U.S. Bank N.A. | Virgin Australia | USD | ******000 | Virgin Australia International Airlines PTY LTD |

11. Based on their preliminary investigations into the Virgin Australia Group's affairs, the Administrators understand that the Foreign Debtors have 8 employees located in the United States, out of approximately 10,000 employees in total. The Administrators also understand that the Debtors have trade vendors and trade creditors located in the United States in connection with the Virgin Australia Group's U.S. operations. However, the Administrators are still reviewing the Company's records, and estimate the Foreign Debtors' creditors (including financial debt and lease creditors) to number approximately 10,000-12,000. Accordingly, the Administrators may need to provide updated information to the extent it becomes available.

12. None of the Foreign Debtors has a principal place of business the United States. Management and business decisions relating to the Foreign Debtors are made by the Virgin Australia Holdings Group's management, now under the direction of the Administrators, at Virgin Australia Group's corporate headquarters in Brisbane, Australia. In compliance with COVID-19 related public health guidelines, the Administrators, and many Virgin Australia Group employees are currently working from home in Australia rather than at headquarters.

### C. The Virgin Australia Group's Capital Structure

13. The Virgin Australia Group financed its operations through the incurrence of both secured and unsecured obligations. Based on our initial review of the Virgin Australia Group's books and records, the most significant of its funded debt includes (a) approximately AUD 2,283,639,303 outstanding under secured corporate debt and aircraft financing facilities, (b) approximately AUD 1,988,250,000 outstanding unsecured notes (the "Unsecured Notes").

14. The Unsecured Notes include (a) USD 350,000,000 7.875% unsecured senior notes due 2021 issued pursuant to that certain Indenture dated October 17, 2016 by and among Holdings as issuer and Bank of New York Mellon as agent; and (b) USD 425,000,000 8.125% unsecured senior notes due 2024 issued pursuant to that certain Indenture dated November 7, 2019 by and among Holdings as issuer and Bank of New York Mellon as agent (such notes, collectively, the "New York Law Notes" and such indentures, collectively, the "New York Law Indentures"). The New York Law Notes and New York Indentures are governed by New York law, and specify New York as the appropriate venue for any legal proceedings related thereto.

### D. Overview of Australian Insolvency Proceedings

15. Australian law has evolved from English law, and is very similar to English common law and rules of equity. In Australia, the formation, operation and dissolution of

6

companies is primarily regulated by the Australian *Corporations Act 2001* (Cth) (the "Corporations Act"). In general, the Corporations Act applies to companies that are either registered or registrable. Locally formed companies, such as the Foreign Debtors, are registered on incorporation. Voluntary administration is one of five insolvency procedures available under the Corporations Act.

16. The administration process commences with the appointment of one or more voluntary administrators, who act as the company's agent with the full powers of its board and officers. The powers of the company officers and directors are suspended and, subject to the overriding rights of a receiver, only the administrator may deal with the company's property during the administration. Any attempt to exercise control over the company's property by a party other than the administrator or a receiver is void (unless the administrator consented to it or it was pursuant to a court order).

17. I understand that Section 435A of the Corporations Act provides that, after appointment, the primary goals of the administrators are to protect the company's business, property, assets and affairs so that they may be administered in a way that: (i) maximize the chances of the company, or as much as possible of its business, continuing in existence; or (ii) if it is not possible for the company or its business to continue in existence, results in a better return for the company's creditors and members than would result from an immediate winding up of the company.

18. Once appointed, administrators' duties include the following:

   (a)  to begin to investigate the company's business, property, affairs and financial circumstances as soon as is practicable after the administration begins;

   (b)  to form an opinion about: (i) whether an arrangement with the company's creditors will be in the creditors' best interests; (ii) whether it would be in the creditors' interests for the administration to end; (iii) and whether it

    would be in the creditors' interests for the company to be wound up; and

  (c) to convene a meeting of the company's creditors to "decide the company's future." These actions are designed to best facilitate the administrators' main priorities, which are to secure the company's assets and ultimately achieve a *pari passu* distribution of assets.

19. The Australian Court has general supervisory jurisdiction over the voluntary administrations and there is substantial judicial oversight which can be invoked by Interested Persons. In relation to a voluntary administration, the Australian Court has the authority to: (a) make such order (or orders) as it thinks appropriate about how the laws governing voluntary administration are to operate in relation to a particular company; (b) upon application by the administrator, to provide directions about the exercise of any of the administrator's functions and powers; and (c) invoke Corporations Act section 447E, which provides the Australian Court with a supervisory role in relation to the administrator's conduct.

  E. **The Australian Voluntary Administration**

20. The boards of directors of the Foreign Debtors each took two distinct corporate actions to appoint the Administrators and commence the voluntary administration proceedings. First, the board of directors for each Foreign Debtor adopted resolutions concluding that (i) the applicable Foreign Debtor was or was likely to become insolvent and (ii) that applicable Foreign Debtor should appoint administrators. Second, the board of directors for each of the Foreign Debtors appointed the Administrators in accordance with the applicable resolutions (collectively, the "<u>Instruments of Appointment</u>"). The Administrators subsequently make filings with ASIC announcing our appointment.

21. The Administrators were appointed over Holdings and 37 of the Foreign Debtors on April 20, 2020, commencing the voluntary administrations with respect to all but

8

one of the Foreign Debtors. The Administrators were later appointed over the remaining Foreign Debtor, Tiger International Number 1 Pty Ltd (ACN 606 131 944), on April 28, 2020.

22. Our appointment commenced the voluntary administration proceedings and triggered an automatic moratorium on the rights of creditors of the Foreign Debtors to take enforcement action against them. While secured creditors' rights to appoint receivers over their collateral are generally preserved, the moratorium otherwise prohibits creditors from taking enforcement action against the Foreign Debtors.

### F. Status of the Administration

23. The Australian administration process requires the occurrence of two separate meetings of creditors. The purpose of the first meeting is for creditors to determine whether an advisory committee, which is referred to under the Corporations Act as a "committee of inspection" is required (and if so, to elect creditors to serve on the committee) and whether to remove the administrators and to appoint alternate administrators.

24. In light of logistical challenges resulting from the ongoing COVID-19 pandemic, the Administrators filed an Originating Process on April 23, 2020 seeking permission from the Federal Court of Australia (the "Australian Court") to (a) provide electronic notice of meetings to creditors, (b) hold virtual- instead of in-person meetings of creditors, and (c) to form a committee of inspection composed of creditors selected by the Administrators. The Australian Court approved those requests by Order dated April 24, 2020. Copies of the Originating Process and Order are attached to the Chapter 15 Petitions.

25. At the second meeting, administrators report on the company's affairs and present their recommendations. Creditors can vote for one of the following outcomes during the second meeting:

    (a) that the company under administration execute a Deed of Company

9

    Arrangement;

  (b)  that the administration end with control of the company reverting back to the companies' directors; or

  (c)  that the company be wound up (and ultimately liquidated).

26. The first meeting of creditors is scheduled to take place on Thursday April 30, 2020 at 11:00 a.m. Australian Eastern Standard Time. The second meeting is required, under the Corporations Act, to be held within twenty-five days of the Administrators' appointment; however, the Administrators have informed creditors that we intend to file an application with the Australian Court seeking an extension of time to convene the second meeting of creditors. Such an extension would be common in a case of this size. At this early stage in the administration, we are working to stabilize operations, investigate the Virgin Australia Group's financial situation, and evaluate potential paths forward.

  **G. The Foreign Debtors' Property in the United States**

27. As stated above, the Virgin Australia Group's capital structure includes outstanding unsecured notes that are governed by New York or Australian law. Certain of the Foreign Debtors have issued or guaranteed the New York Law Notes. The New York Law Notes and New York Law Indentures are governed by New York law and contain a New York forum selection clause.

**I. Disclosure Pursuant to Bankruptcy Rule 1007(a)(4).**

28. I am informed that Bankruptcy Rule 1007(a)(4) provides, as follows:

> In addition to the documents required under § 1515 of the Code, a foreign representative filing a petition for recognition under chapter 15 shall file with the petition: (A) a corporate ownership statement containing the information described in Rule 7007.1; and (B) unless the court orders otherwise, a list containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and all entities against whom provisional relief is being sought under § 1519 of the Code.

29. I am further informed that Bankruptcy Rule 7007.1 provides in pertinent part that a corporate ownership statement:

> . . . identif[y] any corporation, other than a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under this subdivision.

## II. Corporate Ownership Statement

30. In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(A), the following is a corporate ownership statement of the Foreign Debtors, which identifies any corporation that directly or indirectly owns 10 percent or more of any class of the Foreign Debtors' equity interests as of the Petition Date:

31. To the best of the Administrators' knowledge and belief, as of the Petition Date, the following corporations directly or indirectly own 10% or more of the equity interests in Virgin Australia Holdings Ltd. (ACN 100 686 226) ("Holdings"):

   (a) EAG Investment Holding Company Limited - approximately 20.97%;
   (b) Singapore Airlines LTD - approximately 20.03%;
   (c) Nanshan Capital Holdings LTD – approximately 20.01%;
   (d) HNA Innovation Ventures (Hong Kong) Co Limited – approximately 19.86%; and
   (e) Corvina Holdings Limited – approximately 10.02%.

32. Holdings owns 100% of the of the equity interests in:

   (a) Virgin Australia International Operations Pty Ltd (ACN 155 859 608); and
   (b) Virgin Australia Airline Holdings Pty Ltd (ACN 093 924 675).

33. Virgin Australia International Operations Pty Ltd (ACN 155 859 608) owns 100% of the equity interests in Virgin Australia International Holdings Pty Ltd (ACN 155 860 021).

34. Virgin Australia International Holdings Pty Ltd (ACN 155 860 021) owns 100% of the equity interests in:

   (a) Virgin Australia Airlines (SE Asia) Pty Ltd (ACN 097 892 389) and
   (b) Virgin Australia International Airlines Pty Ltd (ACN 125 580 823).

35. Virgin Australia Airline Holdings Pty Ltd (ACN 093 924 675) owns 100% of the equity interests in:

    (a) VAH Newco No. 1 Pty Ltd (ACN 160 881 345);
    (b) VB Leaseco Pty Ltd (ACN 134 268 741);
    (c) Virgin Australia Cargo Pty Ltd (ACN 600 667 838);
    (d) Virgin Australia Airlines Pty Ltd (ACN 090 670 965);
    (e) VAH Newco No. 2 Pty Ltd (a non-debtor entity); and
    (f) VB Investco Pty Ltd. (a non-debtor entity).

36. VAH Newco No.1 Pty Ltd (ACN 160 881 345) owns 60% of the equity interests in Tiger Airways Australia Pty Limited (ACN 124 369 008).

37. TA Holdco (Singapore) Pte. Ltd. (a non-debtor entity) owns 40% of the equity interests in Tiger Airways Australia Pty Limited (ACN 124 369 008).

38. VAH Newco No. 2 Pty Ltd (a non-debtor entity) owns 100% of the equity interests in: A.C.N. 098 904 262 Pty Ltd (ACN 098 904 262).

39. A.C.N. 098 904 262 Pty Ltd (ACN 098 904 262) owns 100% equity interests in Virgin Australia Regional Authority Airlines Pty Ltd (ACN 008 997 662).

40. VB Investco Pty Ltd (a non-debtor entity) owns 100% common equity interests in:

    (a) VB Ventures Pty Ltd (ACN 125 139 004) and
    (b) Virgin Australia Holidays Pty Ltd (ACN 118 552 159).

41. VB Leaseco Pty Ltd (ACN 134 268 741) owns 100% of the equity interests in:

    (a) VA Hold Co Pty Ltd (ACN 165 507 157);
    (b) Short Haul 2014 No. 1 Pty Ltd (ACN 600 809 612);
    (c) Short Haul 2016 No. 1 Pty Ltd (ACN 612 766 328);
    (d) VB Leaseco No. 2 Pty Ltd (ACN 142 533 319);
    (e) VB LH 2008 No. 1 Pty Ltd (ACN 134 280 354);
    (f) 737 2012 No.1 Pty Ltd (ACN 154 201 859);
    (g) VB PDP 2010-11 Pty Ltd (ACN 140 818 266);
    (h) VB 800 2009 Pty Ltd (ACN 135 488 934) and
    (i) VA Regional Leaseco Pty Ltd. (ACN 127 491 605).

42. VA Hold Co Pty Ltd (ACN 165 507 157) owns 100% of the equity interests in

    (a)    VA Lease Co Pty Ltd (ACN 165 507 291) and
    (b)    Virgin Australia 2013-1 Issuer Co Pty Ltd (ACN 165 507 326).

43. Short Haul 2014 No. 1 Pty Ltd (ACN 600 809 612) owns 100% of the equity interests in Short Haul 2014 No. 2 Pty Ltd (ACN 600 878 199).

44. Short Haul 2016 No. 1 Pty Ltd (ACN 612 766 328) owns 100% of the equity interests in Short Haul 2016 No. 2 Pty Ltd (ACN 612 796 077).

45. VB LH 2008 No. 1 Pty Ltd (ACN 134 280 354) owns 100% equity interests in VB LH 2008 No. 2 Pty Ltd (ACN 134 288 805).

46. 737 2012 No.1 Pty Ltd (ACN 154 201 859) owns 100% equity interests in 737 2012 No. 2 Pty Ltd (ACN 154 225 064).

47. Virgin Australia Airlines Pty Ltd (ACN 090 670 965) owns 100% of the equity interests in:

    (a)    Short Haul 2018 No. 1 Pty Ltd (ACN 622 014 831);
    (b)    Short Haul 2017 No. 1 Pty Ltd (ACN 617 644 390);
    (c)    Short Haul 2017 No. 2 Pty Ltd (ACN 617 644 443);
    (d)    Short Haul 2017 No. 3 Pty Ltd (ACN 622 014 813);
    (e)    Virgin Tech Pty Ltd (ACN 101 808 879);
    (f)    VB NC5 Pty Ltd (ACN 119 691 502);
    (g)    VA Borrower 2019 No.1 Pty Ltd (ACN 633 241 059); and
    (h)    VA Borrower 2019 No. 2 Pty Ltd (ACN 637 371 343)

48. Virgin Australia International Airlines Pty Ltd (ACN 125 580 823) owns 100% of the equity interests in Tiger International Number 1 Pty Ltd (ACN 125 580 823).

49. Attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests of the Foreign Debtors and their non-Debtor affiliates as of the Petition Date. None of the Foreign Debtors directly or indirectly owns 10% or more of any class of equity of a corporation whose securities are publicly traded.

  A.  **List of Administrators.**

  50.  In compliance with the requirements of Bankruptcy Rule 1007(a)(4)(B), the Administrators shall maintain control of and be authorized to administer the Australian Proceedings. The service address for all of the Debtors in these chapter 15 cases is: Deloitte Brisbane, Riverside Centre, 123 Eagle St, Brisbane QLD 4000, Australia. I am not aware of any other persons or bodies authorized to administer the Australian Proceedings on behalf of the Foreign Debtors.

  B.  **Parties to Litigation Pending.**

  51.  The Debtors are not a party to any litigation in the United States at the time of the commencement of these chapter 15 cases.

*[Remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my information and belief.

Dated: April, 29 2020

/s/ *Salvatore Algeri*
Salvatore Algeri
in his capacity as Joint and Several Administrator of the Foreign Debtors

# EXHIBIT A

## Organization Chart

# Virgin Group Corporate Structure

© 2020 Deloitte Financial Advisory Pty Ltd

