**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 15 |
|  | ) |
| Virgin Australia Holdings Ltd. | ) Case No. 20-11024 (SHL) |
| (ACN 100 686 226)[1]., *et al.*, | ) |
|  | ) |
| Debtor in a Foreign Proceeding,[2] | ) |

**ORDER GRANTING PETITION FOR (I) RECOGNITION OF FOREIGN
MAIN PROCEEDINGS, (II) RECOGNITION AS FOREIGN REPRESENTATIVES,
AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Upon consideration of the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representatives, and (III) Related Relief under Chapter 15 of the Bankruptcy Code* (together with the form petitions filed concurrently therewith, the "Petition"),[3] filed by the Foreign Representatives as the "foreign representatives" of the above-captioned foreign debtors (collectively, the "Foreign Debtors"); and upon the hearing on the Petition and this Court's review and consideration of the Petition, and the Algeri Declaration, IT IS HEREBY FOUND AND DETERMINED THAT:[4]

---

[1] An Australian Company Number ("ACN") is a unique nine-digit number issued by the Australian Securities and Investments Commission ("ASIC") to every company registered under the Commonwealth Corporations Act 2001 as an identifier.

[2] The Debtors in these cases, along with the last three digits of each Debtor's ACN number, are: Virgin Australia Holdings Ltd (226); Virgin Australia International Operations Pty Ltd (608); Virgin Australia International Holdings Pty Ltd (021); Virgin Australia International Airlines Pty Ltd (823); Virgin Australia Airlines (SE Asia) Pty Ltd (389); Virgin Australia Airlines Holdings Pty Ltd (675); VAH Newco No. 1 Pty Ltd (345); Tiger Airways Australia Pty Limited (008); Virgin Australia Airlines Pty Ltd (965); VA Borrower 2019 No. 1 Pty Ltd (059); VA Borrower 2019 No. 2 Pty Ltd (343); Virgin Tech Pty Ltd (879); Short Haul 2018 No. 1 Pty Ltd (831); Short Haul 2017 No. 1 (390); Short Haul 2017 No. 2 Pty Ltd (443); Short Haul 2017 No. 3 Pty Ltd (813); VBNC5 Pty Ltd (502); A.C.N. 098 904 262 Pty Ltd (262); Virgin Australia Regional Airlines Pty Ltd (662); Virgin Australia Holidays Pty Ltd (159); VB Ventures Pty Ltd (004); Virgin Australia Cargo Pty Ltd (838); VB Leaseco Pty Ltd (741); VA Hold Co Pty Ltd (157); VA Lease Co Pty Ltd (291); Virgin Australia 2013-1 Issuer Co Pty Ltd (326); 737 2012 No. 1 Pty. Ltd (859); 737 2012 No. 2 Pty Ltd (064); Short Haul 2016 No. 1 Pty Ltd (328); Short Haul 2016 No. 2 Pty Ltd (077); Short Haul 2014 No. 1 Pty Ltd (612); Short Haul 2014 No. 2 Pty Ltd (199); VA Regional Leaseco Pty Ltd (605); VB 800 2009 Pty Ltd (934); VB Leaseco No. 2 Pty Ltd (319); VB LH 2008 No. 1 Pty Ltd (354); VB LH 2008 No. 2 Pty Ltd (805); VB PDP 2010-11 Pty Ltd (266); Tiger International Number 1 Pty Ltd (944). The service address for each of the above Debtors is Deloitte Brisbane, Riverside Centre, 123 Eagle St, Brisbane QLD 4000, Australia.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Petition.

[4] The findings and conclusions set forth herein and in the record of the hearing on the Petition constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such.

  A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

  B. Venue is proper before this Court pursuant to 28 U.S.C. § 1410. This Court may enter a final order consistent with Article III of the United States Constitution.

  C. Good, sufficient, appropriate, and timely notice of the filing of the Petition and the hearing on the Petition has been given by the Foreign Representatives, pursuant to Bankruptcy Rules 1011(b) and 2002(q), via email and/or first class mail to: (a) the Office of the United States Trustee; (b) the United States Attorney for the Southern District of New York; (c) the trustee under the indenture to the 7.875% Unsecured Senior Notes due 2021, The Bank of New York Mellon, 1010 Barclay Street, 21st Floor, New York, NY 10286, Attn: Global Corporate Trust—Virgin Australia Holdings Limited; (d) the trustee under the indenture to the 8.125% Senior Notes due 2024, The Bank of New York Mellon, 1010 Barclay Street, 21st Floor, New York, NY 10286, Attn: Global Corporate Trust—Virgin Australia Holdings Limited; (e) Cogency Global, Inc., 10 E. 40th Street, 10th Floor, New York, NY 10016 as the authorized process agent under the indentures; and (f) all known trade vendors located in the United States; (g) all employees located in the United States; and (h) such other parties in interest that have requested notice pursuant to Bankruptcy Rule 2002. The Foreign Representatives also posted the Petition to a website that it maintains for creditors of the Virgin Australia Group at www.deloitte.com/au/virgin-chapter-15.

  D. No objections or other responses were filed that have not been overruled, withdrawn, or otherwise resolved.

  E. These chapter 15 cases were properly commenced pursuant to Bankruptcy Code §§ 1504, 1509, and 1515.

  F. The Foreign Representatives are each a "person" pursuant to Bankruptcy Code § 101(41) and the duly appointed "foreign representative" of the Foreign Debtors as such term is defined in Bankruptcy Code § 101(24). The Foreign Representatives have each satisfied the requirements of Bankruptcy Code § 1515 and Bankruptcy Rule 1007(a)(4).

  G. The Australian Proceedings are entitled to recognition by this Court pursuant to Bankruptcy Code § 1517.

  H. The Australian Proceedings are pending in Australia, where the Foreign Debtors have their "center of its main interests" as referred to in Bankruptcy Code § 1517(b)(1). Accordingly, the Australian Proceedings are "foreign main proceedings" pursuant to Bankruptcy Code § 1502(4), and are entitled to recognition as foreign main proceedings pursuant to Bankruptcy Code § 1517(b)(1) .

  I. The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Foreign Debtors and their interests.

BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:

  1. The Petition is granted.

      2.      The Australian Proceedings are recognized as foreign main proceedings pursuant to Bankruptcy Code § 1517, and all the effects of recognition as set forth in Bankruptcy Code § 1520 shall apply.

      3.      Upon entry of this Order, the Australian Proceedings and all prior orders of the Australian Court shall be and hereby are granted comity and given full force and effect in the United States and, pursuant to Bankruptcy Code § 1520, among other things:

      a.      the protections of Bankruptcy Code §§ 361 and 362 apply to the Foreign Debtors;

      b.      all persons and entities are enjoined from seizing, attaching, and enforcing or executing liens or judgments against the Foreign Debtors' property in the United States or from transferring, encumbering, or otherwise disposing of or interfering with the Foreign Debtors' assets or agreements in the United States without the express consent of the Foreign Representatives; and

      c.      all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Foreign Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative, or other judgment, assessment, order, lien, or arbitration award against the Foreign Debtors or their assets or proceeds thereof.

      4.      The Foreign Representatives and the Foreign Debtors shall be entitled to the full protections and rights enumerated under Bankruptcy Code § 1521(a)(4) and (5) and, accordingly, the Foreign Representatives:

      a.      are entrusted with the administration or realization of all or part of the Foreign Debtors' assets located in the United States; and

      b.      have the right and power to examine witnesses, take evidence, or deliver information concerning the Foreign Debtors' assets, affairs, rights, obligations, or liabilities.

      5.      The Foreign Representatives are hereby established as the representatives of the Foreign Debtors with full authority to administer the Foreign Debtors' assets and affairs in the United States, including, without limitation, making payments on account of the Foreign Debtors' prepetition and postpetition obligations.

      6.      The Foreign Representatives, the Foreign Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or Local Rules of this Court.

      7.      No action taken by the Foreign Representatives, the Foreign Debtors, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the

Australian Proceedings, this Order, these chapter 15 cases, or any adversary proceeding herein, or contested matters in connection therewith, will be deemed to constitute a waiver of any immunity afforded the Foreign Representatives, including, without limitation, pursuant to Bankruptcy Code § 1510.

8. The banks and financial institutions with which the Foreign Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Foreign Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor, and pay any and all such checks, drafts, wires, and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on the Foreign Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representatives or the Foreign Debtors, as the case may be.

9. Except to the extent set forth herein, nothing in this Order shall modify, or prevent the Foreign Debtors and the Foreign Representatives from continuing to participate in and perform under, the current Carrier Services Agreement ("CSA") between the Foreign Debtors and the Airlines Reporting Corporation ("ARC" and, together with the Foreign Debtors, the "CSA Parties"), including the related Agent Reporting Agreement (ARA), Corporate Travel Department Reporting Agreements (CTDRA) and the Sovereign Entity ARA and CTDRA (collectively with the CSA, the "ARC Agreements") including, without limitation, presenting, collecting, receiving and paying billings arising in connection with post-administration amounts owing and in the ordinary course of business under the ARC Agreements. The Foreign Debtors and Foreign Representatives shall also remain obligated to reimburse ARC for any ticket refunds issued and processed by ARC (the "Processed Refunds") without regard to when the underlying obligation arose. During the pendency of these chapter 15 cases and without further leave of this Court, (1) ARC shall not be permitted to set off pre-administration amounts owing by the Foreign Debtors to ARC under the ARC Agreements (except for any Processed Refunds) against either (a) any post-administration amounts payable to the Foreign Debtors or (b) against any amounts held by ARC as collateral, financial guarantee amounts, including those amounts held by ARC and designated as the Foreign Debtors' "Cash Reserve Requirement" under the ARC Agreements, and (2) ARC shall not be permitted to suspend processing of transactions involving the Foreign Debtors or require the posting of further collateral or guarantees, in any form, as a result of (a) the Foreign Debtors' ongoing Australian Proceedings or these chapter 15 cases, or (b) the failure of the Foreign Debtors to pay to ARC amounts owing under the ARC Agreements arising pre-administration (except for any Processed Refunds). Subject to the above, the CSA Parties shall retain all of their respective rights and obligations under the ARC Agreements, including, without limitation, any other suspension/termination rights and rights to collateral/adequate protection provided thereunder, provided however that during the pendency of these chapter 15 cases, ARC must seek relief from the stay and leave of this Court prior to the exercise of any suspension or termination right. Nothing in this order constitutes an assumption by the Foreign Debtors of the ARC Agreements.

10. The Foreign Representatives are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these chapter 15 cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

13. This Order applies to all parties in interest in these chapter 15 cases and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

New York, New York  
Dated: May 22, 2020

*/s/ Sean H. Lane*  
UNITED STATES BANKRUPTCY JUDGE