**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| Virgin Australia Holdings Ltd. | ) | Case No. 20-11024 (SHL) |
| (ACN 100 686 226)[1]., *et al.*, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Debtor in a Foreign Proceeding.[2] | ) | (Jointly Administered) |
| | ) | |

**ORDER GRANTING MOTION FOR RECOGNITION AND
ENFORCEMENT OF (I) THE DEEDS OF COMPANY ARRANGEMENT, (II)
THE AUSTRALIAN COURT'S 444GA ORDER, AND (III) RELATED RELIEF
UNDER BANKRUPTCY CODE §§ 105(A), 1507, 1509(B)(2)-(3), 1521(A), AND 1525(A)**

Upon consideration of the *Motion for Recognition and Enforcement of (I) the Deeds of Company Arrangement, (II) the Australian Court's 444GA Order, and (III) Related Relief under Bankruptcy Code §§ 105(a), 1507, 1509(b)(2)-(3), 1521(a), and 1525(a)* [Docket No. 34] (the "Recognition Motion") of Vaughan Strawbridge, Richard Hughes, John Greig, and Salvatore Algeri in their capacities as joint and several administrators of the deeds of company

---

[1] An Australian Company Number ("ACN") is a unique nine-digit number issued by the Australian Securities and Investments Commission ("ASIC") to every company registered under the Commonwealth Corporations Act 2001 as an identifier.

[2] The Debtors in these cases, along with the last three digits of each Debtor's ACN number, are: Virgin Australia Holdings Ltd (226); Virgin Australia International Operations Pty Ltd (608); Virgin Australia International Holdings Pty Ltd (021); Virgin Australia International Airlines Pty Ltd (823); Virgin Australia Airlines (SE Asia) Pty Ltd (389); Virgin Australia Airlines Holdings Pty Ltd (675); VAH Newco No. 1 Pty Ltd (345); Tiger Airways Australia Pty Limited (008); Virgin Australia Airlines Pty Ltd (965); VA Borrower 2019 No. 1 Pty Ltd (059); VA Borrower 2019 No. 2 Pty Ltd (343); Virgin Tech Pty Ltd (879); Short Haul 2018 No. 1 Pty Ltd (831); Short Haul 2017 No. 1 (390); Short Haul 2017 No. 2 Pty Ltd (443); Short Haul 2017 No. 3 Pty Ltd (813); VBNC5 Pty Ltd (502); A.C.N. 098 904 262 Pty Ltd (262); Virgin Australia Regional Airlines Pty Ltd (662); Virgin Australia Holidays Pty Ltd (159); VB Ventures Pty Ltd (004); Virgin Australia Cargo Pty Ltd (838); VB Leaseco Pty Ltd (741); VA Hold Co Pty Ltd (157); VA Lease Co Pty Ltd (291); Virgin Australia 2013-1 Issuer Co Pty Ltd (326); 737 2012 No. 1 Pty. Ltd (859); 737 2012 No. 2 Pty Ltd (064); Short Haul 2016 No. 1 Pty Ltd (328); Short Haul 2016 No. 2 Pty Ltd (077); Short Haul 2014 No. 1 Pty Ltd (612); Short Haul 2014 No. 2 Pty Ltd (199); VA Regional Leaseco Pty Ltd (605); VB 800 2009 Pty Ltd (934); VB Leaseco No. 2 Pty Ltd (319); VB LH 2008 No. 1 Pty Ltd (354); VB LH 2008 No. 2 Pty Ltd (805); VB PDP 2010-11 Pty Ltd (266); Tiger International Number 1 Pty Ltd (944); VAH Newco No. 2 Pty Ltd (354); VB Investco Pty Ltd (095). The service address for each of the above Foreign Debtors is Deloitte Brisbane, Riverside Centre, 123 Eagle St, Brisbane QLD 4000, Australia.

arrangement and foreign representatives (in such capacities, the "Administrators" or the "Foreign Representatives")[3] of the above-captioned foreign debtors (the "Foreign Debtors"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and it appearing that venue is proper before this Court pursuant to 28 U.S.C. § 1410; and the Court having considered and reviewed the Recognition Motion, and the detailed summaries provided therein and in the 75-225 Report of the Sale Process, the Bain DOCAs and the requisite creditor approval of the same; and having held a hearing to consider the Relief Requested in the Recognition Motion on November 12, 2020 (the "Hearing"); and it appearing that timely notice of the Recognition Motion and the Hearing has been given to the Notice Parties; and it appearing that notice of the Recognition Motion and Hearing was posted on the Website; and it appearing that no other or further notice is required; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

  A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

  B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the Amended Standing Order of Reference dated January 31, 2012, Reference M-

---

[3] Capitalized terms that are not defined herein shall have the meaning ascribed in the Recognition Motion.

431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 0032 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (2)(A), (O) and (P), and the Court may enter a final order in respect of it under Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

  C. The Foreign Representatives have standing to make the Recognition Motion pursuant to Bankruptcy Code §1509(b) of 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code").

  D. The Relief Requested in the Recognition Motion is necessary to effectuate the purpose of chapter 15 and to protect the Foreign Debtors, their assets, and the interests of their creditors and other parties in interest.

  E. The relief granted hereby (a) is essential to the success of the Australian Proceedings, the Bain DOCAs, and the sale of the Foreign Debtors' business to Bain, (b) is an integral element, and/or integral to effectuation, of the Australian Proceedings, the Bain DOCAs, the 444GA Order, and the sale of the Foreign Debtors' business to Bain, and (c) confers material benefits on, and is in the best interests of the Foreign Debtors and their creditors.

  F. The Foreign Debtors and the Foreign Representatives are entitled to all of the Relief Requested in the Recognition Motion.

  G. Appropriate notice of the filing of the Recognition Motion, the relief requested by the Recognition Motion, and the Hearing was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

  H. The relief granted hereby is necessary and appropriate, in the interests of the public and of international comity, not inconsistent with the public policy of the United States, warranted pursuant to Bankruptcy Code §§ 105(a), 1507, 1509(b)(2)-(3), 1521(a) and 1525(a) and will not

3

cause hardship to creditors of the Foreign Debtors or other parties-in-interest that is not outweighed by the benefits of granting that relief.

  I.  Absent the Relief Requested, the Foreign Debtors may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings in connection with a claim against the Foreign Debtors or their property in the United States, thereby interfering with and causing harm to, the Foreign Debtors, their creditors, and other parties in interest in the Australian Proceedings and, as a result, the Foreign Debtors, their creditors, and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

  J.  Absent the Relief Requested, the efforts of the Foreign Debtors, the Australian Court and the Foreign Representatives in conducting the Australian Proceedings and effecting restructuring under the Bain DOCAs and Australian law may be thwarted by the actions of certain creditors, a result inimical to the purposes of chapter 15 as reflected in Bankruptcy Code § 1501(a).

  For all of the foregoing reasons, and for the reasons stated by the Court on the record of the Hearing, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

  1.  The Recognition Motion is granted as provided herein.

  2.  Any reference to "Foreign Representatives" shall be a reference to both the Voluntary Administrators and Deed Administrators as applicable.

  3.  As of Completion,

    a.  The Bain DOCAs, the 444GA Order, and all other agreements related thereto are hereby recognized, granted comity and given full force and effect and are binding upon and enforceable against all entities in accordance with their terms, and such terms shall be binding upon and fully

4

    enforceable against Creditors[4] whether or not they have actually agreed to be bound by the Bain DOCAs or have participated in the Australian Proceedings.

b. Any judgment that purports to determine the liability of any entity released pursuant to the Bain DOCAs with respect to any debt released, extinguished, cancelled, discharged, assigned or restructured under the Bain DOCAs or as a result of Australian law relating to the Bain DOCAs is unenforceable in the United States, in each case to the extent inconsistent with the Bain DOCAs, the 444GA Order or Australian law.

c. Subject to clauses 6.3(b), 7 and 9 of the Bain DOCAs, which generally limit the extent to which the Bain DOCAs apply to Secured Creditors and Owners, and subject to clause 8 of the Bain DOCAs, which relates to Claims covered by insurance, all entities are permanently enjoined from, in relation to a Creditor's Claim:

 (1) making or proceeding with an application for an order to wind up a Deed Company or for the appointment of a provisional liquidator or a court appointed receiver to any of the Deed Companies and their property;

 (2) instituting, reviving, or continuing any action, suit, arbitration, mediation or proceeding against a Deed Company, or in relation to the property of a Deed Company;

 (3) instituting, reviving, or continuing with any Enforcement Process against the property of a Deed Company;

 (4) taking any action whatsoever to seek to recover any part of its Claim;

---

[4] Capitalized terms in paragraph 3 of this Order that are not otherwise defined in the Recognition Motion have the meaning ascribed to them in the Bain DOCAs, as applicable. For purposes of this paragraph 3, as set forth in the Bain DOCAs, the term (1) "Deed Company" means a Foreign Debtor; (2) "Creditor" means a person who has a Claim; and (3) "Claim" means a debt payable by, and all claims against, a Deed Company (present or future, certain or contingent, ascertained or sounding only in damages), being a debt or claim that would be admissible to proof against a Deed Company in accordance with Division 6 of Part 5.6 of the Corporations Act, if the Deed Company had been wound up and the winding up is taken to have commenced on the Appointment Date, and any fine or penalty to which a Deed Company is subject or liable to be subject arising out of circumstances occurring prior to the Appointment Date that would be so admissible but for the operation of section 553B of the Corporations Act. Furthermore, the term "Claim" (a) includes a Claim of a Secured Creditor; and (b) includes a Claim arising under the DOCG (as defined in the Primary DOCA and the International Group DOCA, as applicable) including, for the avoidance of doubt, any Claim against a Deed Company under the DOCG in respect of a Liability incurred by another party to the DOCG after the Appointment Date; and (c) does not include an Excluded Claim.

    (5)    exercising any right of set off or defense, cross claim, or cross action to which a Creditor would not have been entitled had the relevant Deed Company been wound up on the Appointment Date;

    (6)    commencing or taking any further step in any arbitration against a Deed Company or to which a Deed Company is a party in relation to any matter arising or occurring before the Appointment Date; or

    (7)    otherwise enforcing any right it may have or acquire,

except to the extent of the applicable Creditor's entitlement, if any, to participate in the Trust Fund in accordance with the terms of the Trust Deed.

d. All Claims of each Creditor are hereby extinguished and released as set forth in clause 6.4 of the Bain DOCAs, subject to paragraph 3(e) hereof.

e. Upon all Claims being released as set forth in clause 6.4 of the Bain DOCAs, and subject to paragraph 3(f) hereof:

    (1)    each Trust Creditor who had a Claim, will be entitled to make a claim against the Trust Fund, in accordance with the Trust Deed, which is equal in amount to their released Claim; and

    (2)    each FFC Creditor will be entitled to a Future Flight Credit in respect of their released FFC Claim.

f. Creditors are enjoined from making a claim against, participating in, or receiving any distribution from, the Trust Fund in respect of a Non-Participating Claim.

g. All entities subject to this Court's jurisdiction are permanently enjoined from commencing or taking any action, (i) that is inconsistent with, in contravention of, or would interfere with or impede the administration, implementation, and/or consummation of the Bain DOCAs, the 444GA Order, or the terms of this Order or (ii) to obtain possession of, exercise control over, or assert claims or debts that have been released, extinguished, discharged, cancelled or novated under the Bain DOCAs.

4. No action taken by the Foreign Representatives in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the Bain DOCAs, the 444GA Order or any order entered in or in respect of the Chapter 15 Proceedings (including any adversary proceedings or contested matters) will be deemed to constitute a waiver of any immunity afforded the Foreign Representatives including pursuant to Bankruptcy Code § 1510.

6

5. The Foreign Representatives and the Foreign Debtors are hereby authorized to take all actions necessary to effectuate the relief granted herein.

6. This Court shall retain jurisdiction with respect to the effect, enforcement, amendment or modification of the Court's Order.

7. Notwithstanding any provision of the Bankruptcy Rules to the contrary, (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representatives are not subject to any stay of the implementation, enforcement, or realization of the relief granted in this Order; and (c) this Order shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

8. Due, adequate, and sufficient notice of the Recognition Motion, the relief requested by the Recognition Motion, and the Hearing was given to all Creditors and other interested parties, which notice is deemed adequate for all purposes and no other or further notice need be given.

9. A copy of this Order shall be served, within seven business days of entry of this Order, by facsimile, electronic mail, first class mail, or overnight express delivery, upon all Notice Parties listed in the Recognition Motion, and shall be posted to the Website. Such service shall constitute good and sufficient service and adequate notice for all purposes.

10. This Order applies to all parties in interest in these chapter 15 cases and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

New York, New York           */s/ Sean H. Lane*
Dated: November 16, 2020     UNITED STATES BANKRUPTCY JUDGE